GRETSCH v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. June 28, 1917.)

No. 2240.

1. CRIMINAL LAW ⌖1159(2)—APPEAL—CONCLUSIVENESS OF VERDICT.
   A verdict, finding one member of a bankrupt firm guilty of conspiring with the other member to conceal their assets, cannot be disturbed, when supported by submissible evidence.
   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 3075.]

2. CRIMINAL LAW ⌖510—TESTIMONY OF ACCOMPLICE—NECESSITY OF CORROBORATION.
   The uncorroborated testimony of an accomplice will sustain a conviction, if believed by the jury.
   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1124-1126.]

3. CRIMINAL LAW ⌖274—PLEA OF GUILTY—WITHDRAWAL.
   Where B., jointly indicted with defendant, pleaded guilty, and on defendant's appeal the court pointed out that the judgment against B., as well as that against defendant, was a nullity for want of jurisdiction, and on defendant's subsequent trial under a new indictment objection was made to B.'s competency as a witness, on the ground that he was a convicted felon, it was not error for the court to allow him to withdraw his plea of guilty, and substitute a plea of not guilty, as this was merely a form, and was either superfluous or a proper amendment of the record.
   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 632, 633.]

4. CONSPIRACY ⌖27—CRIMINAL LAW ⌖113—OVERT ACT—JURISDICTION OF PROSECUTION.
   The filing of a petition in bankruptcy was a sufficient overt act to support a conviction for conspiracy by the bankrupt to conceal his property from the trustee, and gave jurisdiction to the District Court for the district in which the petition was filed, though the concealment took place in a different district.
   [Ed. Note.—For other cases, see Conspiracy, Cent. Dig. §§ 38, 39; Criminal Law, Cent. Dig. §§ 190, 232.]

⌖For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the District of New Jersey; Thos. G. Haight, Judge.

Mark J. Gretsch was convicted of conspiracy, and he brings error. Affirmed.

S. G. Nissenson, of New York City, for plaintiff in error.
Charles F. Lynch, U. S. Atty., of Newark, N: J.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

McPHERSON, Circuit Judge. In September, 1914, the defendant below, Mark J. Gretsch, and his partner, A. Birnbaum, filed a voluntary petition in bankruptcy in the District Court of New Jersey. Soon afterward they were indicted for concealing property from their trustee, and Gretsch was convicted; Birnbaum entering a plea of guilty. Early in March, 1916, we were obliged to set aside the conviction (Gretsch v. U. S., 231 Fed. 57, 145 C. C. A. 245) because the concealment had not taken place in the district, and within a few weeks thereafter another indictment was found charging the same defendants with conspiring to conceal the same property. In October Gretsch was separately tried and convicted for conspiracy, but in December the District Court set the verdict aside. In the following January he was convicted again, and the present writ of error attacks the conduct of the second trial.

[1] It may be noted, therefore, that the plaintiff in error has already had three trials for practically the same offense, and has been convicted by three juries, so that he can hardly complain with success that the facts relating to his conduct have not been carefully considered. In this proceeding we are of course confined to the inquiry whether legal error was committed during the second trial of the conspiracy case; if the indictment was supported by submissible evidence, the verdict is beyond our power. Tapack v. U. S. (C. C. A. 3) 220 Fed. 448, 137 C. C. A. 39.

[2] 1. The first question is whether the record contains such evidence, and to this subject the plaintiff in error has devoted many pages of his brief. We shall not review the evidence: It has been examined, and we need only say that the testimony of Birnbaum alone was sufficient, even if it had been unsupported. If believed by a jury, the testimony of an accomplice will sustain a conviction although no corroboration may appear. Caminetti v. U. S., 242 U. S. 470, 37 Sup. Ct. 192, 61 L. Ed. ——; Knoell v. U. S. (C. C. A. 3) 239 Fed. 16, —— C. C. A. ——.

[3] 2. Complaint is also made that Birnbaum should not have been allowed to testify because he was "a convicted felon"; the objection relying on the fact that, when the present trial began, his plea of guilty to the indictment for concealing was still on the record. Assuming, but not deciding, that the plea would have disqualified him, if nothing further had been done, it remains to be said that before he was allowed to testify the court permitted him to substitute a plea of not guilty. In this course we see no error. The plea of guilty was addressed to the indictment for concealing (considered by this court in the

case referred to—Gretsch v. U. S., 231 Fed. 57, 60, 145 C. C. A. 245), and in disposing of that indictment, we said:

"While Birnbaum pleaded guilty, and Gretsch upon trial was found guilty, of the crime charged, the constitutional right of each was alike invaded by indictment in a district in which the crime was not committed. Although the judgment entered upon Birnbaum's plea of guilty is not before us, we venture to suggest to the district court that a suspension of Birnbaum's sentence and a disposition of the indictment against him, in harmony with the views expressed in this opinion, would tend to uniformity in the administration of justice."

It was in complying with this suggestion that the court allowed the plea of guilty to be withdrawn, and we see no impropriety in so doing. As we decided in the former case, the District Court had no jurisdiction of the offense there charged, and in effect the whole proceeding was without authority. Permitting the plea to be withdrawn was merely a form, and was either superfluous or a proper amendment of the record.

3. Another matter complained of is the alleged unfairness of the District Court in the conduct of the trial, and to this we need only reply that we discover nothing that calls for reversal. Undoubtedly the notes of trial show occasional friction between the court and the defendant's counsel, but we are unable to say that the defendant was prejudiced thereby. Some allowance must be made both for court and counsel under the strain of a long and earnest controversy, and we are satisfied that on the whole the rights of the defendant were carefully and impartially protected, and that the District Judge did not go too far in what he said or did.

[4] 4. It is also contended that the court erred in receiving the petition in bankruptcy as sufficient proof of an overt act committed in New Jersey. No authority is cited to support this position, and in principle no reason appears for excluding the evidence. The offense charged was conspiring to conceal property from a trustee in bankruptcy, and this necessarily implied that a bankruptcy proceeding was contemplated as part of the scheme. In this proceeding Gretsch took part, and the filing of the petition was an indispensable step toward making the conspiracy effective. If no petition had been filed, no trustee could have been appointed, and therefore the filing of the petition was an overt act in furtherance of the crime. A proceeding lawful in itself when considered separately can become a step in carrying out a plan that is an unlawful conspiracy when taken as a whole, and in such a connection we see no reason why the proceeding should not be regarded as a part of the illegal scheme. As the act in question was done in New Jersey, this was sufficient to give the district court jurisdiction of the present indictment.

Some other objections are argued in the two briefs of the plaintiff in error, but none of them seems to require particular attention. No reversible error appears in the record, and the judgment is therefore affirmed.