## LETTERMAN et al. v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. December 20, 1917.)

No. 2290. ·

1. CRIMINAL LAW ⬢⟳1059(2)—TRIAL—CHARGE—PRESENTATION OF OBJECTIONS.
    Where defendants below merely noted a general exception to the whole charge, their specifications of error in the charge with reference to specific instructions given and omitted cannot be considered by the Circuit Court of Appeals, for rule 10, § 2, of the Rules of the District Court of the United States for the Eastern District of Pennsylvania, and rule 10, § 1, of Rules of the United States Circuit Court of Appeals for the Third Circuit (224 Fed. vii, 137 C. C. A. vii), both in substance prescribe that judges of the District Court shall not allow any general exception to the whole of the charge to the jury in any criminal or civil trial; but the party shall state distinctly and separately the several matters in such charge to which he excepts and only such matters shall be included in the bill of exceptions and allowed by the court, and the manifest purpose of the rules was to give the trial court opportunity to correct inadvertent errors below.

2. CRIMINAL LAW ⬢⟳1030(1)—APPEAL—REVIEW.
    Under court rule 11 for the Circuit Court of Appeals for the Third Circuit (224 Fed. vii, 137 C. C. A. vii), a plain error in a criminal case may be reviewed by the Circuit Court of Appeals on its own motion, without regard to the regularity or irregularity of the proceeding by which it was brought before the court.

In Error to the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Charles Letterman and Samuel Frank were convicted of conspiring to commit an offense against the United States, by stealing property and money of the United States, in violation of Act March 4, 1909, c. 321, §§ 37, 47, 35 Stat. 1088 (Comp. St. 1916, §§ 10201, 10214), and they bring error. Affirmed.

Henry M. Stevenson, of Philadelphia, Pa., for plaintiffs in error.

Francis Fisher Kane, U. S. Atty., and Robert J. Sterrett, Asst. U. S. Atty., both of Philadelphia, Pa.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

WOOLLEY, Circuit Judge. The plaintiffs in error (defendants below) were jointly indicted, tried and convicted upon a charge of conspiring to commit an offence against the United States, by stealing money and property of the United States, in violation of sections 37 and 47 of the Act of March 4, 1909, 35 Stat. Pt. 1, p. 1088, c. 321 (Comp. St. 1916, §§ 10201, 10214). The case turned upon the identification of the defendants. Each presented for his own defence an alibi, different from but related in a way to the alibi of the other. In its charge, the court instructed the jury upon the law of alibi as applied to the defences

⬢⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

made. The defendants noted a general exception to the whole charge, which was allowed, and now by this writ they specify error in the charge with reference to specific instructions given and omitted. This is a case, therefore, in which the record shows nothing more by way of exception than a general exception to the charge. It is admitted that the matters now complained of were not specifically excepted to at the trial. Nor were they called to the attention of the court at the conclusion of the charge in order that the court might correct them while it had the opportunity, by adding to or amplifying its instructions to the jury.

[1] This situation is met by rules of both the trial court and this court (Rule 10, Section 2 of Rules of the District Court of the United States for the Eastern District of Pennsylvania, and Rule 10, Section 1 of Rules of the United States Circuit Court of Appeals for the Third Circuit, 224 Fed. vii, 137 C. C. A. vii). We recently had occasion to consider these rules at length. Philadelphia & Reading Ry. Co. v. Marland, 239 Fed. 1, 12–16, 152 C. C. A. 51.

The two rules are the same in substance and prescribe in effect, that the judges of the District Courts shall not allow any general exception to the whole of the charge to the jury in a civil or criminal trial; but the party excepting shall state distinctly and separately the several matters in such charge to which he excepts, and only such matters shall be included in the bill of exceptions and allowed by the court. The manifest purpose of these rules is to afford the trial court an opportunity, before the trial closes, to correct errors inadvertently made in its progress, and to insure stability of verdicts by discouraging speculation upon errors observed and not brought to the court's notice and their subsequent use as grounds for reversal on appeal.

The very mischief, which the rules are intended to prevent, is in the record before us. Here there is a charge apparently unexceptionable to which a general exception is perfunctorily made, and thereafter specific errors are complained of without specific exceptions to sustain them. We are therefore of opinion that the plaintiffs in error are without right to prosecute their writ in this court.

[2] As the writ of error in this case is directed to a judgment in a criminal proceeding involving the liberty of the defendants, we hesitate somewhat to dispose of it upon what the parties might conceive to be purely a technical ground. We have, therefore, examined the record for "plain errors," which, if present, would justify us under another rule of this court (Rule 11 [224 Fed. vii, 137 C. C. A. vii]) reviewing the case of our own motion, without regard to the irregularity of the procedure by which it is brought before us. We find no such error. Therefore, the judgment below is

Affirmed.