GRABOYES v. UNITED STATES.

FISCHER v. SAME.

(Circuit Court of Appeals, Third Circuit.    May 10, 1918.)

Nos. 2339, 2340.

1. CRIMINAL LAW ⬤510—ACCOMPLICE TESTIMONY—CORROBORATION.
    A conviction may be had upon the uncorroborated testimony of an accomplice.

2. CRIMINAL LAW ⬤1059(2)—APPEAL—GENERAL EXCEPTIONS TO CHARGE.
    In view of Circuit Court of Appeals rule 10, § 1 (224 Fed. vii, 137 C. C. A. vii), and District Court rule 10, § 2, assignments based on a general exception to the whole charge will not be considered on writ of error.

In Error to the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Abraham Graboyes and Philip Fischer were separately tried, convicted, and sentenced on indictments charging conspiracy to commit an offense under Bankruptcy Act July 1, 1898, c. 541, 30 Stat. 544, and also with joint violation of Act March 4, 1909, c. 231, §§ 37, 215, 35 Stat. 1088 (Comp. St. 1916, §§ 10201, 10385), and motion for new trial having been denied (245 Fed. 477), defendants separately bring error.   Affirmed.

Harry D. Wescott, of Philadelphia, Pa., for plaintiff in error Graboyes.

William A. Gray, of Philadelphia, Pa., for plaintiff in error Fischer.

Robert J. Sterrett, of Philadelphia, Pa., for the United States.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

BUFFINGTON, Circuit Judge.   In the court below Abraham Graboyes and Philip Fischer were separately tried, convicted, and sentenced on indictments charging conspiracy to commit an offense under the Bankruptcy Law, and also with a joint violation of R. S. §§ 5480, 5440, and sections 215 and 37, Act March 4, 1909, c. 321, 35 Stat. pt. 1, p. 1088 (Comp. St. 1916, §§ 10385, 10201), relating to a fraudulent use of the mails.   Thereupon they sued out separate writs of error, and, as the principal questions raised thereunder are the same in both, we dispose of the two cases in the present opinion.   We may say the defendants were represented by competent counsel, the case was fully and patiently heard, and we are satisfied the defendants had fair trials.

[1] The government's case rested on the testimony of an accomplice of the defendants, and his testimony, though it stood alone, the jury accepted.   But this fact, in view of our decisions in Knoell v. United States, 239 Fed. 16, 152 C. C. A. 66, and Gretsch v. United States, 242 Fed. 897, 155 C. C. A. 485, and of the Supreme Court in Caminetti v. United States, 242 U. S. 470, 37 Sup. Ct. 192, 61 L. Ed. 442, L. R. A. 1917F, 502, Ann. Cas. 1917B, 1168, warranted the court below in instructing the jury that it could convict on the uncontradicted testimony

of the accomplice of the defendants. We have duly considered the numerous assignments of error bearing on the admission and rejection of evidence, documents, etc., and we find nothing therein to warrant a reversal of the case.

[2] This leads us to consider certain other assignments of error based on portions of the judge's charge to the jury. These assignments, which now specify certain excerpts of the charge and assign them for error, are not based on any specific objection made and exception taken when the charge was delivered. Had such a course been followed, the attention of the trial judge would then have been specifically called to alleged specific errors, and he would then and there have had an opportunity to correct such inadvertence, slip, omission, or mistake, if one was made, or he could then and there have refused to do so. Such a course would have resulted in several things which tend to the working out of justice by timely correction of alleged mistakes, and to the avoidance of needless expense and delays incident to a fruitless resort to the appellate court. This prompt, specific, and clearly pointed out practice, a practice which is made mandatory on judges in this circuit, is unmistakably pointed out in rule 10 of this court (224 Fed. vii, 137 C. C. A. vii), which directs:

"The judges of the District Courts shall not allow any general exception to the whole of the charge to the jury in a civil or a criminal trial at common law, nor shall a series of exceptions be allowed which produces the same result. But the party excepting shall state distinctly and separately the several matters in such charge to which he excepts, and only such matters shall be included in the bill of exceptions and allowed by the court. Exceptions to the charge or to the judge's action upon the requests for instruction shall be taken immediately on the conclusion of the charge before the jury retire, shall be specified in writing or dictated to the stenographer, and shall be specific and not general."

In the present case that course was not followed. The court's attention was not called to any specified mistake it had made in the charge, and if any mistake was made no opportunity was given to the judge to correct it. Instead of that, the court itself, at the close of the trial, granted a general, unspecified exception as follows:

"A general exception is noted for the defendants, by direction of the court, to the charge of the court."

The one general exception thus noted to the charge in the trial court is now used in this appellate court as the basis for many specific exceptions. The mischief of reviewing a trial on exceptions that have neither been addressed to nor allowed by the trial court is manifest. To prevent this very thing, both the trial court and the appellate court have promulgated rules, one of which we have quoted (rule 10, section 2, of Rules of the District Court of the United States for the Eastern District of Pennsylvania, and rule 10, section 1, of Rules of the United States Circuit Court of Appeals for the Third Circuit, 224 Fed. vii, 137 C. C. A. vii), in which it is provided that parties shall not make and trial judges shall not allow general exceptions to the whole of a charge. As these rules are occasionally overlooked by courts as well as by counsel in the strain attending the close of a long trial, we have recently availed ourselves of several cases containing records

made in violation of the rules to call attention to the rules and especially to the policy of this court to decline to review matters not excepted to in conformity with them. Barnes, etc., Co. v. Vozar, 227 Fed. 25, 141 C. C. A. 579; Philadelphia & Reading Ry. Co. v. Marland, 239 Fed. 1, 12–16, 152 C. C. A. 51; Letterman & Frank v. United States, 246 Fed. 940, —— C. C. A. ——.

For obvious reasons, which pertain to litigants as well as to the trial court and this court, we very earnestly direct the attention of District Judges of this circuit to the rules of their respective courts and to the rule of this court upon this subject.