CASTEN v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. April 10, 1924.)

No. 3109.

1. Criminal law ⬅️510—Uncorroborated testimony of accomplice may sustain conviction.

Under the federal rule, the testimony of an accomplice is to be submitted to the jury, and may, though uncorroborated, sustain a conviction.

2. Witnesses ⬅️48(2)—That witness previously gave false testimony does not exclude from testifying.

That witness confessedly, on former occasion gave false testimony, not having been convicted therefor, does not bar his present testimony, under Rev. St. § 5392, even if such section is not altered by Act March 4, 1909, § 125 (Comp. St. § 10295).

In Error to the District Court of the United States for the Eastern District of Pennsylvania; J. Whitaker Thompson, Judge.

Criminal prosecution by the United States against Louis S. Casten. Judgment of conviction, and defendant brings error. Affirmed.

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Paul Reilly, of Philadelphia, Pa., for plaintiff in error.

George W. Coles, U. S. Atty., and Henry B. Friedman, Asst. U. S. Atty., both of Philadelphia, Pa.

Before WOOLLEY and DAVIS, Circuit Judges, and SCHOON-MAKER, District Judge.

WOOLLEY, Circuit Judge. Casten and Robinson were partners in the knitting business. With bankruptcy impending, Robinson concealed goods of the firm and, after bankruptcy, continued to conceal them from his trustee, resulting in an indictment under section 29b of the Bankruptcy Act (Comp. St. § 9613). He pleaded guilty. Later, Casten was indicted under the same statute for a like offense arising out of the same transaction. He went to trial and, mainly on the testimony of Robinson, was convicted and sentenced. On this writ he complains that the court erred in its charge with reference to his knowledge of what admittedly Robinson had done, and that it erred in submitting the case and sustaining the conviction on the uncorroborated testimony of an accomplice and on the testimony of one who had on another occasion testified falsely.

The story of the case is substantially as follows:

Being in difficulties, the firm had offered a settlement to their creditors. While the matter was pending, Casten stated to Robinson that there were too many goods about the place for the creditors to see and, accordingly, they together arranged to remove them to a warehouse before the creditors should arrive. In the presence of Casten, Robinson removed the goods (of a value of about $2,000) to a warehouse where they remained concealed until after an involuntary petition in bankruptcy had been filed against the partners. Having represented to the trustee that all their assets had been turned over to him, Casten told Robinson to dispose of the goods. Robinson moved them from the warehouse to the plant of the United Knitting Mills for the purpose of selling them at the price of $1,400. Discovery was made and the indictments followed.

[1] The testimony which mainly incriminated Casten was given by Robinson. This testimony, if validly admitted, was quite sufficient to justify the trial court in refusing the motion for a directed verdict of acquittal. Casten, however, urges insistently, not that Robinson's testimony should have been excluded (for he made no objection to its admission), but that it was not testimony that would sustain a verdict of guilty and therefore it should not have been submitted to the jury. He bases this contention on two grounds. The first is that it was the wholly uncorroborated testimony of an accomplice. We find no merit in this contention because circumstances were shown which colorably corroborate the testimony of Robinson and these circumstances were submitted to the jury on very careful and entirely correct instructions with reference to the testimony of an accomplice. But even if there were nothing in the case to corroborate the testimony of the accomplice, it is clear that under the federal rule his testimony was properly submitted and would, if believed by the jury, sustain the conviction. Caminetti v. United States, 242 U. S. 470, 37 Sup. Ct. 192, 61 L. Ed. 442,

L. R. A. 1917F, 502, Ann. Cas. 1917B, 1168; Knoell v. United States, 239 Fed. 16, 152 C. C. A. 66, error dismissed 246 U. S. 648, 38 Sup. Ct. 316, 62 L. Ed. 920; Gretsch v. United States, 242 Fed. 897, 898, 155 C. C. A. 485, certiorari denied 245 U. S. 654, 38 Sup. Ct. 12, 62 L. Ed. 532.

[2] Casten next insists that the case should not have been submitted and that the conviction can not be sustained on the testimony of Robinson because that witness had confessedly given false testimony on a previous occasion and that, in consequence, he was barred from testifying at this trial—at least in principle—by the provision of section 5392, R. S., which prescribes as a part of the punishment for perjury the incapacity of the perjurer thereafter to give testimony in any court of the United States. In view of the fact that Robinson has not been convicted of perjury, his disqualification as a witness under the cited section has not been shown, even if that section of the statute was not altered by the omission of the disqualifying provision in the Act of March 4, 1909, section 125, c. 231, 35 Stat. 1111; Criminal Code, section 125 (Comp. Stat. section 10295).

By the concluding assignment of error Casten charges that the court submitted the case solely on an issue of his guilty knowledge of what Robinson was doing when he concealed the goods and not on the issue whether he himself concealed them or participated in their concealment. If the jury believed Robinson's testimony, as they had a right to do, they could validly find not merely that Casten knew what Robinson was doing but that Casten counseled him and therefore acted with him, first, in removing and concealing the goods before bankruptcy; next, in continuing their concealment after bankruptcy; and finally in an attempt to dispose of them by sale.

Finding no errors in the record, we direct that the judgment below be affirmed.