### UNITED STATES v. HANNON et al.
### Nos. 6751–6755.

Circuit Court of Appeals, Third Circuit.
June 19, 1939.

As Amended on Denial of Rehearing
Aug. 1, 1939.

Leonard L. Kimball, of Pittsburgh, Pa., for appellants.

Charles F. Uhl, U. S. Atty., and George Mashank, Asst. U. S. Atty., both of Pittsburgh, Pa., for appellee.

Before BIGGS, MARIS, and CLARK, Circuit Judges.

MARIS, Circuit Judge.

The appellants herein were indicted, convicted and sentenced on a charge of conspiracy to violate the internal revenue laws of the United States relating to the manufacture, redistillation and denaturization of alcohol. On January 7, 1937 United States government agents raided premises at 1607–11 Center Avenue in Pittsburgh, Pennsylvania. They found equipment for the operation of a still on the third, fourth and fifth floors of the building. They arrested the appellant Stone, who was on the roof, and Ernest Lyda, James McDaniel and Joseph Wilson, who were in a garage on the ground floor. None of the appellants, except Stone, was on the premises at the time of the raid. Lyda pleaded guilty and has served his sentence. Wilson was convicted and has served his sentence. The grand jury found the indictment "not a true bill" as to McDaniel. Both Lyda and McDaniel testified as government witnesses at the trial of the appellants. The latter have appealed from the judgments against them and assign as error excerpts from the charge of the court and rulings of the court on the admission and rejection of testimony.

At the conclusion of the charge to the jury the appellants requested a general exception. This request was refused but the appellants were given an opportunity to specify the portions of the charge to which they objected. Since they failed to do so they are now precluded by our rule 10 (224 F. vii, 137 C.C.A. vii) from presenting the alleged errors on appeal. This court has so ruled in Graboyes v. United States, 3 Cir., 250 F. 793. It is therefore unnecessary for us to pass upon the contention of the appellants that the court erred in failing to refer to McDaniel as an accomplice and in treating McDaniel's testimony as corroborative of that given by Lyda. It may be noted, however, that McDaniel, the indictment against whom had been ignored by the grand jury, was presumed to be innocent until shown by the evidence to be an accomplice. It is clear from the conduct of counsel for the appellants at the trial that they did not then think that the evidence had stamped him as a co-conspirator. Their present argument is obviously an afterthought and is without weight.

The appellant Thomas Hannon answered "No" when asked on cross-examination, "Isn't it a fact that the time you were arrested by him you said to Mr. Clifford, 'Who squawked?'" In rebuttal the government called the two officers who made the arrest and they testified that the appellant Hannon did make the remark. The record discloses that no objection was made at the trial to the admission of this testimony and that the propriety of its admission is not before us on exception. We are of the opinion, however, that the testimony was admissible as to Thomas Hannon and that it could not have affected the rights of any of the other appellants for the remark implicated Thomas Hannon only. The reference by the trial judge in his charge to this testimony was not excepted to or assigned as error and is therefore not before us.

■■ The raid took place on January 7, 1937 but appellants Luke Hannon, Joseph Hannon and Jacob Rosenberg were not apprehended at that time. Government agents were permitted to testify over objection that on January 26 they saw these three appellants together on Fifth Avenue, Pittsburgh. This testimony was admissible for it was at this time and place that McDaniel first identified these three appellants as being the same three men whom he had seen at the Center Avenue premises prior to the raid. Since the jury thus learned that the appellants knew each other and consorted together, at least after the conspiracy, no harm was done them by admission of testimony that they were likewise seen together on January 25 and February 2.

■ The government was permitted to introduce in evidence, over appellants' objection, a card referred to as Exhibit 7 and a slip of paper referred to as Exhibit 9. The former contained a telephone number and the name "Jake" in handwriting; the latter contained a list of telephone numbers. The card was found in Lyda's room on the second floor of the Center Avenue premises at the time of the raid; the slip of paper was found in that portion of the premises where the still was located five days after the raid, the building having been padlocked in the interim. The appellants' contention is that neither was admissible because the handwriting was unidentified. This is not true as to Exhibit 7, for Lyda identified the writing as that of Joseph Wilson and stated that Wilson gave him the card. Exhibit 9 was properly admitted as part of the res gestae.

■ The appellants urge that the trial court erred in refusing to admit testimony of the witness Evans that the United States Commissioner did not tell Lyda to "take a chance" on getting out on bond. Such testimony was not relevant even for the purpose of impeaching Lyda since it did not serve to contradict testimony given by Lyda as to any issue in the case but merely tended to disprove an immaterial statement. Dillard v. United States, 9 Cir., 141 F. 303.

■ The appellants contend that the jury should have been directed to bring in a verdict of "not guilty" alleging that Lyda's testimony was contradicted by the government's own witnesses. They point to the fact that although Officer Currie, called by the government, testified that he had observed Lyda for approximately six months, he did not testify that he saw any of the appellants, except Stone, about the Center Avenue premises. It is quite conceivable that the appellants were there but that Currie did not see them, for he did not testify that he watched the premises every minute of the day and night. The appellants also stress the fact that another witness called by the government contradicted Lyda's testimony as to the signing of a lease for the premises. It is undisputed that Lyda was on the premises and that a still was found there. The signing of the lease is immaterial in the determination of the guilt or innocence of the appellants.

■■ They further contend that Lyda was not worthy of belief because he testified to having received money from one of the appellants on November 31st, a day not included in our calendar, and because he could not remember the names of the men with whom he alleged he was in partnership in the garage business. The credibility of Lyda was for the determination of the jury and since the trial court properly instructed the jury to scrutinize his testimony with care, no error was committed. The appellants had the opportunity to argue these points to the jury. The latter by its verdict has decided them against the defendants, who are accordingly precluded from raising them on this appeal.

The judgments are affirmed.