PETER POND v. THE STATE OF MISSISSIPPI.

1. CRIMINAL LAW — INDICTMENT — RECORD MUST SHOW PRESENTMENT, RECEIPT AND FILING OF INDICTMENT. — Unless the record of a conviction on a criminal charge, preferred by indictment, shows that the indictment was presented to the court by the grand jury, and received by the court and filed, it is as though there never was no indictment found, and such conviction cannot stand.

2. CHARTER OF OCEAN SPRINGS. — The town of Ocean Springs has not exclusive authority over the subject of retailing vinous and spiritous liquors within its limits.

3. RETAILING — LICENSE NECESSARY — PAYMENT OF THE PRIVILEGE TAX, UNDER THE REVENUE LAW OF 1870, NOT A LICENSE TO RETAIL. — Payment of the privilege tax imposed by the revenue act of 1870, on licensed retail dealers, did not confer the right to sell vinous and spiritous liquors in less quantities than one gallon, without a license, regularly obtained, so to do.

4. SAME — STATE NOT REQUIRED TO PROVE THE NEGATIVE AVERMENT THAT DEFENDANT HAD NO LICENSE. — On trial of indictment for retailing liquors in less quantities than one gallon, it does not devolve on the state to prove that the defendant did not have a license, as required by law.

ERROR to the circuit court of Jackson county. CHANDLER, J.

The facts of this case are shown by the opinion of the court.

*W. P. Harris,* for plaintiff in error:

This was a trial and conviction of Pond, for retailing

liquors without license. The merits of the case, or rather of the defence set up, cannot be examined because of a fundamental defect, which is, that there is no evidence that the indictment or charge on which Pond was tried, was ever presented in open court and filed, so as to become a record, or that the grand jury so acted on the charge as to give it the character of a true bill of indictment.

The entry is as follows:

" Be it remembered, that an indictment was found by the grand jury at said term, in the words and figures following, to wit: the indictment filed Feb. 15, 1871."

Then follows the indictment, and at the close of the indictment: " A true bill.

" W. G. Eldor,

" Foreman of the grand jury."

The court will note that there is no signature of the clerk to the entry, and that there is nothing to show that there was a grand jury organized, or that such jury ever came into open court and there presented a true bill, twelve of the number assenting.

I insist that we cannot afford to sacrifice a fundamental principle of the constitution, and a positive provision of the statute, intended to carry out the principle, to the ignorance of clerks or this neglect of the counsel.

The caption of the minutes showing the organization of the grand jury, and the entry, according to art. 257 Code, 614, are indispensable facts of every record in a criminal cause. There is no statute of jeofails so broad as to cure the want of a finding by the grand jury, and the record must show it, and the 57th article has prescribed what that evidence shall be. The coming into open court of at least twelve of the grand jurors, and presenting by their foreman the bill, the receiving by the clerk, and his signing the entry:

The absence of the indorsement " presented in open

court by the grand jury and filed this —— day of ——, 18—.          (Signed)          " A. B., Clerk," is fatal to the proceedings, even if it otherwise appeared that the grand jury had in open court presented the bill.   But the absence of anything to show that the bill had received the solemn assent of the jury in open court by the presentation, according to art. 257, renders it (the indictment) so much waste paper.

It is impossible to say of that important article of the Code, that it is merely directory.

The actual presentation of the bill in open court, by a grand jury, in the manner prescribed, is as essential as the return into court of the verdict of the petit jury.

For ought that appears, the indictment may have been " found " literally, or pitched in at a window.

The state founds a right to punish for crimes upon necessity, and has placed her tribunals under restrictions, and surrounded the accused by certain safeguards.   The prosecution differs from a civil suit, where the parties are the authors of the suit, stand on equal grounds, and are expected to take care of themselves.

The criminal proceeding is that of the whole power of the state against one individual ; and what has been by positive law declared necessary must be done.   Will any one contend that the accused could waive the finding and presentation of a true bill by the grand jury ?

There being no warrant for the trial and sentence, the case must be reversed and the indictment quashed.

The clerk had made a brief note of it, obeying the injunction of Mr. Dickens, see caption " where found make a note of it."

*J. S. Morris*, Attorney General.

TARBELL. J.:

The plaintiff in error was tried and convicted at the February term of the circuit court of Jackson county,

1871, on a charge of selling vinous and spirituous liquors without a license therefor. The errors assigned are : 1. That there was no finding and presentation of the indictment by the grand jury; 2. That the accused was not present by himself or counsel when the judgment was rendered; 3. In the exclusion of evidence offered by the plaintiff in error; 4. In the instructions given and refused. Diminution of the record was suggested, and in response to a *certiorari* the clerk of the proper court sent up an amended record, showing the legal organization of the grand jury at the term when the indictment in this case is supposed to have been found; but with a certificate, " that there is no entry made of the presentment of the indictment in the case of the State v. Peter Pond preceding the arraignment and trial, on the minutes of said court at said term."

The case is, therefore, as though there were never any indictment found. It is as though the parties, the state, and the defendant, voluntarily appeared in court and made up an issue, the state, by the district attorney, complaining of the said Peter Pond for unlawfully retailing vinous and spirituous liquors without a license, and the defendant entering a general denial. The jury having returned a verdict of guilty, judgment was rendered against the defendant for twenty-five dollars and costs. The violation of the statute was clearly made out by undisputed and uncontradicted evidence. The defence attempted to be relied on embraced the following propositions : 1. An exclusive authority in the corporation of Ocean Springs to grant a license of this character ; 2. Payment of the privilege tax charged for such a license ; 3. That it devolved upon the state to prove that the defendant had not a license from the town of Ocean Springs. The court correctly ruled these grounds of defence untenable. See Drysdale v. Pradat, tax collector, 45 Miss., for the reasons on the claim of exclusive right.

A motion for a new trial was made on the grounds: 1. Of error in the instructions given for the state; 2. For refusing instructions asked by defendant; 3. In rejecting the defence offered by defendant.

The instructions for the state were, in brief: 1. That if the jury believed the defendant had sold vinous and spirituous liquors in less quantity than one gallon without a license, he was guilty, as charged; and 2. That the burden of proving he had a license, devolved on the defendant.

The instructions asked for defendant were, in substance, 1. That if the jury believe the defendant sold vinous and spirituous liquors within the town of Ocean Springs, then it was not necessary for defendant to obtain a license from the board of supervisors; 2. That the authorities of Ocean Springs have the exclusive right to grant licenses, and unless it has been charged that the defendant had not a license from the corporation of Ocean Springs, he is not guilty; 3. That if the jury believe the defendant has paid for and obtained a license, he is not guilty; 4. That it devolves upon the state to prove that the defendant had not a license from the authorities of Ocean Springs; which instructions the court correctly declined to give.

Thus, it would seem, that the defect in the record was not discovered until its return to this court. We see no error in the proceedings and trial, nor other objection to the record, except the defect certified by the clerk. If the statute were different, and the district attorney was authorized to institute a suit for the penalty, as in case of debt, the record and judgment would be without fault. But the statute classes the sale of vinous and spirituous liquors without a license as a crime, to be prosecuted as such. As necessary constitutional and statutory preliminaries, there must be an indictment found by a legal grand jury of the county, and it must be presented in open court by the foreman of such

grand jury, in the presence of at least twelve of such grand jurors. The indictment must be received by the court and marked filed by the clerk. The amended record shows: 1. A legal grand jury; 2. An indictment certified by the clerk to have been found by a grand jury of the proper county; 3. The certificate of the clerk that there is no evidence in his office of the presentation of the indictment in court; 4. Arraignment, issue, trial, verdict, and judgment.

So long as the constitution and laws remain unchanged in the respects indicated, they must be substantially observed in criminal proceedings, and a record failing to show the presentation in court by the grand jury of an indictment found by them, will be fatally defective, and cannot be sustained.

The judgment is reversed and cause remanded, because of the omission in the record to show the presentation in court of the indictment by the grand jury.