## TOM FITZCOX vs. THE STATE.

1. CRIMINAL PRACTICE : *Return of indictment into court.*

When an indictment is returned into court it shall be indorsed by the clerk with date, and marked "filed." It shall be marked a "true bill," signed by the foreman of the grand jury, and returned into open court by him, in the presence of at least twelve of their number, including their foreman. No further or additional indorsement is necessary by the clerk at the time. Code of 1871, ¿ 2794.

2. SAME : *Accomplice in crime. Credibility of witness. Weight of testimony.*

An accomplice in crime is a competent witness, and if the jury believe his testimony, they may, upon it, render a verdict of guilty. It is the peculiar province of the jury to determine upon the degree of credit to be attached to.

any competent evidence submitted to their consideration. A conviction upon the unsupported testimony of an accomplice is strictly legal, but great caution in weighing such testimony is dictated by prudence and good reason.

ERROR to the Circuit Court of *Marshall* County.

Hon. ORLANDO DAVIS, Judge.

The facts in the case are sufficiently stated in the opinion of the court for a full understanding of the principles of law decided.

The following are the assignments of error, to wit:

1. The court erred in refusing to quash the bill of indictment upon defendant's motion.

2. The court erred in giving the several charges on the part of the state.

3. The court erred in refusing charge number 5, asked by the defendant, and in giving, upon its own motion, as a substitute therefor, charge also number 5.

4. The court erred in refusing to set aside the verdict of the jury, and grant a new trial upon the defendant's motion.

*Featherston, Harris & Watson,* for plaintiff in error:

1. Insisted that the court should have quashed the indictment, because it was intended by the Code of 1871, § 2794, that, after the defendant had been arrested, the clerk shall indorse upon the indictment the fact that it was presented to the court by the foreman of the grand jury, in the presence of at least twelve of such jury, including such foreman, and that the clerk should furthermore mark such indictment " filed," and date and sign the same.

2. Charge number 5, refused by the court, is to the effect that no legal conviction can be had on the testimony of an accomplice alone. The court instructed the jury, in substance, that the jury should take into consideration the situation of the witness, and the temptation he may have to swear falsely, and give it such consideration as they may deem proper; that they might adopt or reject the whole, or any part, as they may think it worthy or not of belief.

This was error. Keithler *v.* State, 10 S. & M., 192;

George's case, 39 Miss., 192; 1 Greenl. on Ev., § 350; Ros-coe's Cr. Ev., 121, 122, 123; Wharton's Am. Cr. Law, 301, 302, 303; Ram on Facts, 161, 165, 166, 167, 168; 1 Archb. Cr. Pr. & Pl., 502, 503; United States *v.* Keepler, 1 Bald., 22; Ray *v.* The State, 1 Iowa, 316.

*G. E. Harris*, Attorney General, for the State:

The indictment was properly returned into court; hence the motion to quash was properly overruled. Code, 1871, § 2794; Code, 1857, p. 614.

The 5th instruction asked for the accused is not the law. It would instruct the jury that they cannot convict upon the testimony of an accomplice, unsupported by other testimony. The doctrine is, as laid down by the court below, that such testimony should be received and considered with caution, considering the situation of the witness, his temptation to swear falsely, and give it such consideration as the jury may think proper. They may reject or adopt the whole, or any part, as they may think it worthy or unworthy of belief; and this does not conflict with Keithler's case, 10 S. & M., 192. But the statement of the accomplice is corroborated by the other facts in the case. If a witness swears falsely in one thing the jury are not bound to disregard him in all things. The maxim, *falsus in uno, falsus in omnibus*, does not preclude the jury from believing a witness if they choose to do so.

Tarbell, J., delivered the opinion of the court.

The plaintiff in error and one Billy Wooten were jointly indicted for the crime of burglary and larceny, but were separately tried and convicted. Two propositions passed upon in the circuit court are made the basis of error, viz.: 1st. Whether, in addition to the indorsement upon an indictment, of its number, marking it "filed," date, signature of clerk thereto, indorsement of a "true bill," and signature of the foreman of the grand jury, there should have been indorsed the fact of its presentation in open court by the foreman of the grand jury, in the presence of at least twelve of their number.

2d. Whether a verdict of guilty in a case of felony can be legally rendered on the testimony of an accomplice, unsupported and uncorroborated.

On the 1st the court below ruled in the negative, and on the 2d in the affirmative. And these are the questions presented for the consideration of this court.

The 1st demands more than the statute requires. This point is now made for the first time in our state, as far as is known. The practice, however, is regarded as too well settled to require discussion. The record in this case, and the identity of the indictment, conform to the most approved practice under the Code, as defined in our courts. Code, § 2794 ; 4 S. & M., 520 ; Pond's case, 47 Miss., 39 ; Mulligan's case, ib., 304 ; Nichols' case, 46 ib.; 284 ; Lee's case, 45 ib., 14.

The second proposition is determined by long usage and repeated decisions in this state. Keithler's case, 10 S. & M., 192 ; Dick et al. v. The State, 30 Miss., 593 ; Strawhern & Grizzle v. The State, 37 ib., 422 ; George's case, 39 ib., 570.

In Keithler's case, the court say : " The testimony of an accomplice should be weighed with great jealousy and distrust by a jury, but it is impossible to say, as a question of law, that he should not be believed. The jury are to determine that from his manner, his consistency, and other attending circumstances. They are to judge how far his testimony has been corroborated, or they may believe him, if they choose, without corroboration."

This view has been accepted as the rule in this state, and the language of the court in that case has, in our courts, constituted the basis of instructions in like cases since that time. Hence the practice with us is uniform, and may be considered as established.

The earnestness, however, of the argument in the case at bar, pressed as it is by eminent counsel in a labored brief, in connection with the fact that, in the opinions of our own courts there is no discussion of the subject nor evidence of a special

·examination of the authorities on that occasion, the rule being stated in a few lines, has induced a full examination of all the English and American authorities at command. The result of such an examination is that the rule was correctly given in Keithler's case. It is true the practice is not uniform, but the difference is more seeming than real. In Massachusetts, for instance, it would seem to be the practice for the *nisi prius* judge to advise the jury not to credit the uncorroborated testimony of an accomplice ; yet a conviction on such testimony, notwithstanding the instruction, will be upheld on error. And a careful inspection of the adjudications shows no substantial difference between the rule as stated in Massachusetts and the one adopted in Mississippi—the latter being the more simple, accurate, and brief of the two. See 10 Gray, 472 ; 22 Pick., 397. The supreme court of Iowa, in Ray *v.* The State, 1 Greene (Iowa), 316, reversed a judgment based on such uncorroborated testimony, and the practice in that state, on this subject, is now regulated by statute. It is also understood to be regulated in Virginia and New York, and perhaps other states. It is said in 1 Archb. Cr. Pr. & Pl., 154, that "an accomplice may give evidence against those jointly guilty with him ; but, although in point of law they may be found guilty on his testimony alone, yet in practice it is not usual to convict on the testimony of an accomplice, or the wife ·of an accomplice, unless his or her story be confirmed in some material part by the testimony-of other credible witnesses."

All the authorities agree that, as a rule of law, accomplices are competent witnesses for or against their associates, but that the advice of the court is, after all, much a matter of practice, resting in each particular case greatly in the discretion of the court. 1 Greenlf., § 380, and authorities there cited ; 1 Phillips on Ev. (C., E. and H., notes), 113 ; Rex *v.* Jones, 2 Campb., 132 ; note 1 to § 512, 1 Bish. Cr. Pr., and authorities there cited ; ib. § 508, note ; Roscoe's Cr. Ev., 122 ; 2 Starkie on Ev., 24.

The sum of the argument, as well as the rule, is thus stated

in 1 Phillips on Ev., with C., H. and E. notes, 110 : "Since accomplices are competent witnesses, it appears to follow as a necessary consequence that, if their testimony is believed by the jury, a prisoner may be legally convicted upon it, though it be unconfirmed by any other evidence. It is the peculiar province of the jury to determine upon the degree of credit to be attached to any competent evidence submitted to their consideration, and it has accordingly been laid down in many cases as a settled rule that a conviction obtained upon the unsupported testimony of an accomplice is strictly legal." And this text-book, ib., p. 106, says: "The evidence of accomplices has been at all times admitted."

For the plaintiff in error, § 380, 1 Greenl. on Ev., is greatly relied on. The entire section reads thus : " *The degree of credit* which ought to be given to the testimony of an accomplice is a matter exclusively within the province of the jury. It has sometimes been said that they ought not to believe him unless his testimony is corroborated by other evidence ; and without doubt great caution in weighing such testimony is dictated by prudence and good reason. But there is no such rule of law, it being expressly conceded that the jury may, if they please, act upon the evidence of the accomplice without any confirmation of his statements. But, on the other hand, judges, in their discretion, will advise a jury not to convict of felony upon the testimony of an accomplice alone, and without corroboration ; and it is now so generally the practice to give them such advice, that its admission would be regarded as an omission of duty on the part of the judge. And, considering the respect always paid by the jury to this advice from the bench, it may be regarded as the settled course of practice not to convict a prisoner in any case of felony upon the sole and uncorroborated testimony of an accomplice. The judges do not, in such cases, withdraw the cause from the jury by positive direction to acquit, but only advise them not to give credit to the testimony. See the authorities referred to in the notes to this section."

It will be observed that this author, usually so accurate, is, in this section of his most valuable work, inconsistent and directly antagonistic with the section preceding the one above quoted, wherein the competency of accomplices is positively asserted. A very patient search has failed to confirm the statement of Mr. Greenleaf, as a rule, that "it may be regarded as the settled course of practice not to convict a prisoner in any case of felony upon the sole and uncorroborated testimony of an accomplice." Qualified by his own statement, that the judge in his discretion may advise the jury not to give credit to the uncorroborated testimony of an accomplice, and that they are, in all cases, to be instructed to scrutinize his testimony with great caution and jealousy, this author is made consistent, and the rule is deduced which is drawn from a comparison of all the authorities, and which obtains in this state. See, further, 1 Greenl., § 363, and notes; ib., § 379, and notes; Com. v. Bosworth, 22 Pick., 397; Roscoe on Cr. Ev., 120, et seq., and the numerous and conclusive cases cited in notes; 2 Russell on Crimes, 956, et seq. (book 6, ch. 5, § 6); 2 Starkie on Ev., 17, et seq.; Price's case, 10 Gray, 472; 1 Phillips on Ev. (C. H. and E. notes), 105, et seq. (ch. 6, § 1, and notes and authorities from p. 105 to 117); Wharton on Am. Cr. L., § 783–790; 1 Bishop on Cr. Pr., § 505, et seq.; 5 Humph., 9; 9 Conn., 707; Rex v. Jones, 2 Campb., 131; Rex v. Atwood, 1 Leach, 464; 21 N. Y., 578; 1 Denio, 83; Rex v. Stubbs, Denio, 555; 2 Leigh, 769.

But, though so discussed on the trial and in this court, the case at bar does not depend upon the rule which has been so fully considered. There is in this case ample corroborating testimony. The plaintiff in error was a waiter at the store when the crime was committed. The footprints about the window where admittance was gained were measured, and proved to fit the tracks made by the accused. He pointed out where the goods stolen could be found, together with the store key, and they were so found.

Much stress is laid, in argument, upon the evidence of con-

tradictory statements by the accomplice, who was made a witness. It is too well settled for discussion that the testimony of all witnesses is for the jury. And this is so, though the witness testify that his former oath was completely false. At a very early date, it would seem, a witness testifying to his own turpitude would be excluded, but latterly the objection is held to go to the credibility of the witness only. The maxim *nemo allegans turpitudinem suam est audiendus* formerly applied only by way of estoppel to the case of a party seeking relief; and its kindred maxim, *falsus in uno, falsus in omnibus,* so commonly included in charges to juries, is always connected with instructions that the credibility of the witness is for the jury.

The profession is familiar with the origin of the use of accomplices as witnesses against each other. 4 Bl. Com., 330. The practice, with its modifications by legislation and by the courts, may be traced, with the arguments for and against it; but this is not deemed essential to the solution of the case at bar.

It will be observed in the present instance that the accomplice was not sworn as a witness with any prospect, hope, or encouragement of pardon, or other relief or advantage, but, having been convicted, he was placed on the stand and examined as to the facts.

In accordance with the practice in this state the court admonished the jury that the testimony of an accomplice should be received with great caution and jealousy. This was right. The case presented is not one wherein the court, in the exercise of the discretion referred to by the authorities, was called upon to go further.

Affirmed.