STATE *v.* ALMER HIER.

October Term, 1905.

Present: ROWELL, C. J., TYLER, MUNSON, and POWERS, JJ.

Opinion filed May 11, 1906.

*Criminal Law—Alibi—Burden of Proof—Evidence—Convicted Accomplice—Necessity of Cautioning Jury.*

In a criminal prosecution, the burden is on the respondent to establish his claim of an *alibi* by a preponderance of the evidence, and that issue may be separately submitted to the jury.

In a prosecution for larceny, it was not error to instruct the jury, in respect of the weight to be given the testimony of a convicted accomplice, that he has been convicted of the same offence, and that this was to be taken into consideration; but that nevertheless the jury might be satisfied from corroborating circumstances and the testimony of other witnesses that he had told the truth.

The rule that the court should advise the jury to be cautious about giving credit to the uncorroborated testimony of an accomplice is a rule of practice, and not a rule of law, and a failure to comply with it is not error.

INFORMATION for grand larceny. Plea, not guilty. Trial by jury at the June Term, 1905, Addison County, *Watson*, J., presiding. Verdict, guilty; judgment and sentence thereon. The respondent excepted. Robert Hays was the only witness who gave direct evidence as to the respondent being a party to the stealing of the heifer. The opinion concisely states the charge of the court in respect of the *alibi*.

*William H. Bliss* for the respondent.

The jury should have been cautioned as to the unreliable character of the testimony of an accomplice. I Bish. Crim. Law, § 972.

The court erred in instructing the jury that the burden was on the respondent to establish the alibi by a preponderance of the evidence. 1 Bish. New Crim. Proc. § § 1062, 1063; *People* v. *Hare*, 57 Mich. 505; *State* v. *Howell*, 100 Mo. 628; Warton Crim. Ev. § 333; *People* v. *Larned*, 7 N. Y. 448; *Simmons* v. *State*, 61 Miss. 243; *Williams* v. *State*, 47 Ala. 659; *Spencer* v. *State*, 50 Ala. 124; *Albin* v. *State*, 63 Ind. 598; 4 Wig. Ev. § 2512, n. 3; *Towns* v. *State*, 111 Ala. 1; *Schultz* v. *Terr.*, (Arizona) 52 Pac. 352; *People* v. *Roberts*, 122 Cal. 377, 55 Pac. 137; *People* v. *Winters*, 125 Cal. 325, 57 Pac. 1067; *McNamara* v. *People*, 24 Colo. 61, 48 Pac. 541; *State* v. *Ardoin*, 49 La. Ann. 1145; *State* v. *Harvey*, 131 Mo. 339; *State* v. *Spotted Hawk*, 22 Mont. 33, 55 Pac. 1026; *Beach* v. *State*, 51 Neb. 106, 70 N. W. 498; *Borrego* v. *Terr.*, 8 N. M. 446, 46 Pac. 349; *Wright* v. *Terr.*, 5 Okl. 78, 47 Pac. 1069; *State* v. *Thorton*, 10 S. D. 349, 73 N. W. 196.

*Leroy C. Russell*, State's Attorney for the State.

The burden is on a respondent in a criminal case to prove his claimed *alibi* by a preponderance of the evidence. *State* v. *Maher*, 74 Iowa 87; *State* v. *Rowland*, 72 Iowa 327; *State* v. *Rivers*, 68 Iowa 611; *State* v. *Hamilton*, 57 Iowa 596; *State* v. *Krewsen*, 57 Iowa 588; *Trujillo* v. *Territory*, 7 N. M. 43; *People* v. *Lee Sare Bo.*, 72 Cal. 623; *State* v. *Red*, 53 Iowa 69; *State* v. *Reed*, 62 Iowa 40; *State* v. *Kline*, 54 Iowa 183; *Pate* v. *State*, 94 Ala. 14; *Harrison* v. *State*, 83 Ga. 129; *Miles* v. *State*, 93 Ga. 117; *Com.* v. *Webster*, 5 Cush. 324, 52 Am. Dec. 711; *Prince* v. *State*, 100 Ala. 144; *Com.* v. *Choate*, 105 Mass. 451; *State* v. *Beasley*, 84 Iowa 83; *State* v. *Van Winkle*, 80 Iowa 15; *Briceland* v. *Com.*, 74 Pa. 463; *Rudy* v. *Com.*, 128 Pa. 500; *Watson* v. *Com.*, 95 Pa. 418; *Ledferd* v. *State*, 75 Ga. 856; *State* v. *Freeman*, 100 N.

C. 429; *People* v. *Fong Ah Sing*, 64 Cal. 253; *Ackerson* v. *People*, 124 Ill. 563; *Gallaher* v. *State*, 28 Tex. App. 247; *Carlton* v. *People*, 150 Ill. 181; *Ware* v. *State*, 59 Ark. 379; *Rayburn* v. *State*, (Ark.) 63 S. W. 356; *State* v. *Lowry*, 42 W. Va. 205.

MUNSON, J. This was an information for the larceny of a heifer. The evidence of the State tended to show that the respondent stole the heifer from a pasture in New Haven about eight o'clock in the evening of September eighteenth. The evidence of the defence tended to show that the respondent was in Vergennes during all that evening. The court instructed the jury in substance that this was evidence tending to establish an alibi; that an alibi is the best kind of defence—a full defence, for the reason that if the respondent was not where the crime was committed, he did not commit it; that they were to consider the evidence of the respondent and of all other witnesses upon that question, and all the circumstances of the case; and say whether the respondent had satisfied them by a fair balance of the evidence that he was in Vergennes at that time; that if he had satisfied them by a fair balance of the evidence that he was there at that time, that ended the case, and their verdict would be not guilty; but that if he had not satisfied them of this by a fair balance of the evidence he had failed to make out his alibi; that he knew where he was that evening and whether his defence was fabricated; that if they were satisfied beyond any question that the alibi was a fabricated defence, it was evidence, but not conclusive evidence, of his guilt—evidence to be considered with the other evidence bearing on the question; that even if they were not satisfied by a fair balance of the evidence that he was in Vergennes that evening—were not satis-

fied with his alibi, they could not throw it out of the case, but must consider it with all the other evidence, and say on the whole whether they were satisfied of his guilt beyond a reasonable doubt. The respondent excepted to the charge because it put upon him the burden of proving the alibi by a balance of testimony.

The instructions excepted to accord with the holding in *State* v. *Ward,* 61 Vt. 153 (192). The respondent questions the correctness of that decision.

*State* v. *Ward* is the only case we have that discusses this subject. The case of *State* v. *Cameron,* 40 Vt. 555, (564) was referred to in the discussion, but the Court was evidently in some doubt as to the precise scope of that holding. In *State* v. *Powers,* 72 Vt. 168, there was no submission of the claimed alibi as a distinct issue, and the jury were told that if the evidence in support of the alibi, when considered in connection with the other evidence, raised in their minds a reasonable doubt as to the respondent's guilt, he was entitled to an acquittal. The Court held that this was correct, but said further that it would not have been error to have instructed the jury on the subject separately from the main question, citing *State* v. *Ward.* See also *State* v. *Manning,* 74 Vt. 449 and 75 Vt. 185.

The disagreement in the cases upon this subject is well understood. Some courts hold that the question should be submitted as a separate issue, while other courts hold the contrary. This conflict of authority was understood by our Court when *State* v. *Ward* was decided. The Court having then adopted, upon full consideration, one of two rules, both of which have the support of excellent authorities, it is not deemed wise to hold now that that rule is erroneous, because of the arguments that can be made in favor of the other. But

the writer of the opinion is not favorably disposed to this method of submitting the question, as sufficiently appears from *State* v. *Powers.*

The respondent claims further that the charge failed to give him the benefit he was entitled to receive from the evidence tending to show an alibi upon a failure to find the alibi established. It is not necessary to inquire as to this, for the point is not covered by the exception taken.

The respondent excepted to the charge so far as it related "to the weight to be given to the testimony of Robert Hays and Edgar Hays." Robert Hays was an accomplice. Edgar Hays was not. There was evidence tending to show that both had given testimony upon a former trial inconsistent with their testimony upon this trial, and instructions were given upon this feature of the case. The respondent now insists that the jury should have been told that no fact could be found upon the testimony of Robert Hays. The court charged that Robert had been convicted of the same offence, and that this was to be taken into consideration; but that notwithstanding this fact they might be satisfied from corroborating circumstances and the testimony of other witnesses that he had told the truth. This was in line with the rule; and if the case was one that properly called for a more explicit caution, there was nothing in the exception taken to indicate to the court that a failure in that regard was the ground of the objection. But if the exception had been sufficient in this respect, it would not have availed the respondent. The rule referred to by counsel is a rule of practice, and not a rule of law, and a failure to comply with it is not error. *State* v. *Potter,* 42 Vt. 495; *State* v. *Dana,* 59 Vt. 614; *State* v. *Howard,* 32 Vt. 380.

*Judgment that the respondent take nothing by his excep-*
*tions.*