## SCOTT v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit.   April 5, 1922.)

No. 3040.

1. **Criminal law ☞510—Testimony of accomplices sufficient to sustain conviction.**
Uncorroborated testimony of an accomplice is sufficient to support conviction.

2. **Criminal law ☞1134(3)—Length of sentence not considered within limit of statute.**
The Circuit Court of Appeals will not determine what the punishment shall be, and, if the sentence imposed is within the limitation of time fixed by the statute, error cannot be predicated thereon.

In Error to the District Court of the United States for the Southern Division of the Southern District of Illinois.

Criminal prosecution by the United States against Virgil Scott. Judgment of conviction and defendant brings error.   Affirmed.

James B. Searcy, of Springfield, Ill., for plaintiff in error.

Edward C. Knotts and Howard C. Knotts, both of Springfield, Ill., for the United States.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

PER CURIAM.   Plaintiff in error was charged with having violated the Act of February 13, 1913 (Comp. St. § 8603), making it a criminal offense (a) to break the seal of a car unlawfully with intent to steal therefrom; (b) to enter the car; (c) to steal from the car; (d) to possess the interstate freight thus stolen.

It appears that four boys, whose ages varied from 15 to 16 years, were involved.   Two of them pleaded guilty; the other two stood trial, though one of them on the witness stand admitted his participation in the offense.   All three involved plaintiff in error, who, however, denied all guilt, and testified that he was in a city some distance away on the night of the theft.   His alibi was supported by the testimony of others.

[1] Perhaps the most seriously argued assignment deals with the testimony of accomplices and the conviction based thereon.   The question is hardly worthy of separate consideration, in view of the present state of the law.   For collection of cases, see United States v. Heitler (D. C.) 274 Fed. 401.   There is no question but that the uncorroborated testimony of an accomplice is sufficient to support conviction.

No exceptions were taken to the charge, or to any part of it.   At its close the court asked counsel for defendants if either had any criticism or suggestions, and the attorney for one defendant replied, "The instructions are satisfactory to us, your honor."   Counsel for the other defendant said, "I think we are satisfied."   We have, however, read over the instructions carefully, and find no reversible error therein.

The assignments of error based upon improper admission of evidence have also been carefully examined, and we find that none merits specific mention.

[2] Plaintiff in error was sentenced to serve a term of seven years in the National Training School for Boys at Washington, D. C.   It is

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

contended that such sentence was excessive and contrary to law. It is not for this court to determine what the punishment shall be. If the sentence is within the limitations of time fixed by the statute, error cannot be predicated thereon. It is apparent, however, that in the. present case the District Judge was desirous of giving this plaintiff in error, a mere boy, an opportunity for a training which would ultimately be for his benefit.

The judgment is affirmed.