*702
 
 Day, J.
 

 This record discloses that the Court of Appeals reversed the common pleas court upon the sole ground of failure to instruct the jury that it should not convict upon the uncorroborated testimony of an accomplice, and found no other prejudicial error in the record.
 

 In the face of such a finding, therefore, the chief question for this court to determine is, Did failure of the court to instruct the jury as to the propriety and necessity of corroboration of the testimony of the accomplices constitute reversible error? The fact that the request was refused before argument is not urged, as that is settled in this state by
 
 Blackburn
 
 v.
 
 State,
 
 23 Ohio St., 146, and
 
 Wertenberger
 
 v.
 
 State,
 
 99 Ohio St., 353, 124 N. E., 243. But the failure of the court to instruct as requested in its general charge is the error complained of, even though the request was not repeated.
 

 We think the law upon this subject has been settled in this state for many years, and the leading case thereon is Allen v.
 
 State,
 
 10 Ohio St., 287. In that case there was an indictment for the procuring by á person in possession of a warehouse under a lease of another to bum the warehouse, the property of a third person. One William O. Herron was indicted for arson in burning the warehouse, and Simeon Allen was indicted for procuring him to do so. The two were jointly indicted, and upon motion the prosecuting attorney elected to try Allen separately, and continued the case as to Herron. During the progress of the trial Herron was called as a witness for the state, and testified to material matters concerning the issue joined.
 

 
 *703
 
 In the statement of the case, at page 290, the following will he found:
 

 “The testimony on both sides being closed, counsel proceeded to argue the cause to the jury. Allen’s counsel, in argument to the jury, claimed that there was no testimony before the jury, but that of said Herron, which tended to show the guilt of Allen, and asked the court to charge the jury that they could not convict him upon the testimony of Herron, an admitted accomplice, unless his testimony was corroborated by other testimony upon some matters, material to the issue. The court refused to give this charge to the jury, but, upon that subject, charged the jury thus: ‘I can’t say that you (the jury) can’t find a verdict upon his (Herron’s) testimony alone, but it is the
 
 safer
 
 rule not to find the defendant guilty upon the testimony of Herron alone, without corroboration, which corroboration should be in some matter material to the issue.’ ”
 

 In his opinion Judge Sutliff, speaking for the court, says, at pages 304 and 305:
 

 “It is also insisted that the court erred in not giving the instruction requested to the jury in relation to Herron’s testimony. But we perceive no error in the refusal of the court to give the instruction proposed by counsel, nor in the instruction actually given to the jury upon that subject.
 

 “The degree of credit which ought to be given to the testimony of an accomplice is a matter exclusively for the consideration of the jury. In most cases it is highly important that the jury should require his testimony to be corroborated by
 
 *704
 
 other evidence or circumstances, rather than to convict upon his unsupported testimony. Indeed, it can very rarely be expected that the testimony of an accomplice, admitting his own depravity and turpitude in the matter, would be sufficient to overcome all reasonable doubts, and presumptions in favor of the accused. But it is said there is no rule of law requiring of the jury a refusal to convict upon the uncorroborated testimony of an accomplice. This doctrine is distinctly laid down by Greenleaf, in his Treatise on Evidence, Vol. 1, Section 380; but he adds that ‘judges, in their discretion, will advise a jury not to convict of felony, upon the testimony of an accomplice alone, and without corroboration. And it is now so generally the practice to give them such advice, that its omission would be regarded as an omission of duty on the part of the judge.’ The court gave this usual caution to the jury; and the evidence set forth in the record does not show that that advice of the court was disregarded.
 

 “The case of
 
 People
 
 v.
 
 Castello,
 
 1 Denio, 83, is a case in which the authorities upon this point are well collected and ably considered; and that case, as well as G-reenleaf, fully sustains the opinion here expressed upon this point.”
 

 The rule above announced has been followed in this state since decision of the
 
 Allen case.
 

 In the case of
 
 State,
 
 v.
 
 Robinson, 83
 
 Ohio St., 136, 93 N. E., 623, 21 Ann. Cas., 1255, the trial court cautioned the jury with reference to conviction of the defendant upon uncorroborated testimony, and there is nothing in the syllabus of that case which changes the doctrine of the
 
 Allen case.
 

 
 *705
 
 The matter was again before this court in
 
 State
 
 v.
 
 Lehr,
 
 97 Ohio St., 280, at page 281, 119 N. E., 730, 731, wherein this language appears:
 

 “This brings us to the vital questions in the case:
 

 “1. Under the established law of Ohio is any corroborating evidence essential to a verdict of guilty?
 

 “2. If so, does the record disclose such corroborative evidence?”
 

 The rule of the
 
 Allen case,
 
 as appears in the fifth paragraph of its syllabus, is quoted with approval, and is commented upon as. sound and salutary law, and the court in the
 
 Lehr case,
 
 on page 282 (119 N. E., 731) of the
 
 per curiam,
 
 adds:
 

 “Under this doctrine it is immaterial as ' to whether there was or was not corroborating evidence.”
 

 Other citations of lower courts in Ohio might be given, but the rule of the
 
 Allen case
 
 is recognized by text-writers as well as courts of last resort in other states. In Jones on Evidence, Civil Cases (3 ed.), Section 769, it is said:
 

 “Since the testimony of accomplices is competent, and since the jury are to judge of the credibility of witnesses, it logically follows that a defendant may be convicted upon the unsupported evidence of an accomplice. Although the jury ought not to convict upon such testimony without corroboration their verdict will not be set aside.
 

 ‘ ‘
 
 Owing to the fact that witnesses of this character
 
 are
 
 often subjected to strong temptation to shift the burden of guilt ¡upon the defendant it has long been a rule of practice in criminal trials
 
 *706
 
 for the court to charge the jury that they should not convict the prisoner upon the uncorroborated testimony of an accomplice. But, although it might ordinarily be regarded as an omission of duty for the judge to neglect to so instruct the jury, yet the decisions are to the effect that his refusal so to do is not reversible error, as the matter lies in the discretion of the judge. The instruction relatés to the value or weight of the testimony, and does not withdraw the case from the jury. The questions of fact are for their determination. ’ ’
 

 Attention is also called to the following cases from several states involving this question:
 
 Earll
 
 v.
 
 People,
 
 73 Ill., 329;
 
 Johnson
 
 v.
 
 State,
 
 65 Ind., 269;
 
 Commonwealth
 
 v.
 
 Clune,
 
 162 Mass., 206, 38 N. E., 435;
 
 People
 
 v.
 
 Wallin,
 
 55 Mich., 497, 22 N. W., 15;
 
 State
 
 v.
 
 Simon,
 
 71 N. J. Law, 142, 58 A., 107;
 
 State
 
 v.
 
 Haney,
 
 19 N. C., 390;
 
 State
 
 v.
 
 Green,
 
 48 S. C., 136, 26 S. E., 234;
 
 State
 
 v.
 
 Hier,
 
 78 Vt., 488, 63 A., 877;
 
 Murphy
 
 v.
 
 State,
 
 124 Wis., 635, 102 N. W., 1087;
 
 State
 
 v.
 
 Betsall,
 
 11 W. Va., 703. See, also, 16 Corpus Juris, 697, 698.
 

 The rule of evidence in a criminal case, after all, is that the guilt of the accused must be shown by evidence which satisfies the jury beyond the existence of a reasonable doubt, and in its last analysis it is for the jury to say whether the evidence measures up to ■ that standard, long fixed by the la,w. And there is no rule of law in this state preventing a jury from convicting upon the uncorroborated testimony of an accomplice, if from the evidence in the case the jury believe the defendant guilty beyond the existence of a reason
 
 *707
 
 able doubt. This doctrine is well stated in tbe fifth and sixth propositions of the syllabus in
 
 Lamb
 
 v.
 
 State,
 
 40 Neb., 312, 58 N. W., 963:
 

 “5. It is not error to refuse an instruction to the effect that a person accused of a crime cannot be convicted upon the uncorroborated testimony of an accomplice. The weight, to be given the testimony of such a witness is for the jury to determine, after a careful examination of the same, in the light of all the other evidence in the case.
 

 “6. A conviction may rest on the uncorroborated evidence of an accomplice, when, considered with all the testimony, it satisfies the jury beyond a reasonable doubt of the guilt of the accused.” An analysis of the request made discloses that, after recognizing the province of the jury, the court was asked to qualify the same in two respects: First, to caution the jury to scrutinize with care the testimony of any such witness or witnesses;'and, second, not to convict the defendant upon the testimony of such witness or witnesses alone, without corroboration.
 

 Now, this record discloses that there was corroborating evidence in the ease in the form of testimony by Kobaker and Miss Shaedel, and other facts and circumstances introduced in evidence. Therefore the court might well be within its discretionary powers in refusing this request, and not instructing on the subject. As was said by Justice Holmes in
 
 Commonwealth
 
 v.
 
 Bishop,
 
 165 Mass., 148, at page 150, 42 N. E., 560:
 

 “At the close of the charge, the defendant asked for fuller instructions as to the uncorroborated testimony of an accomplice, which the court re
 
 *708
 
 fused. It is settled that the court is not bound to advise the jury that generally it is unsafe to convict on such testimony, although courts sometimes do so. Advice upon the matter is in substance instructing the jury that there is a presumption of fact concerning the veracity of a certain class of witnesses. Although it is permissible, and in some cases may be desirable, to advise in the form above mentioned, the general rule under ■our practice is to leave such presumptions to the jury, and it is in the discretion of the presiding judge to follow the general rule rather than the exception, if it seems best to him to do so.
 
 Commonwealth
 
 v.
 
 Wilson,
 
 152 Mass., 12, 14;
 
 Commonwealth
 
 v.
 
 Clune,
 
 162 Mass., 206, 214. See
 
 Commonwealth
 
 v.
 
 Briant,
 
 142 Mass., 463, 464;
 
 Graham
 
 v.
 
 Badger,
 
 164 Mass., 42, 47.”
 

 In the federal courts, there is no rule of law prohibiting a conviction on the uncorroborated testimony of an accomplice.
 
 Ossenberg
 
 v.
 
 United States,
 
 283 Fed., 37;
 
 Richardson
 
 v.
 
 United States,
 
 181 Fed., 1, 9;
 
 Knoell
 
 v.
 
 United States,
 
 239 Fed., 16, 21;
 
 Gretsch
 
 v.
 
 United States,
 
 242 Fed., 897;
 
 Graboyes
 
 v.
 
 United States,
 
 250 Fed., 793;
 
 United States
 
 v.
 
 Heitler,
 
 274 Fed., 401, 408;
 
 Scott
 
 v.
 
 United States,
 
 283 Fed., 117;
 
 Caminetti
 
 v.
 
 United States,
 
 242 U. S., 47
 

 Beaching the conclusion .that the proposition requested to be given in charge to the jury might have been refused by the trial judge in his discretion, under the testimony, facts, and circumstances of this case, it follows that there was no error in so doing, and the question of the duty of
 
 *709
 
 counsel to reiterate his request as to the general charge becomes immaterial.
 

 The Court of Appeals has reversed this ease on the sole ground of error of the trial court In refusing the request above discussed, and affirmatively finds no other prejudicial error in the record.
 

 We have examined the record upon the points urged, and are content with the conclusions of the Court of Appeals as to the freedom of the.record of the trial court from prejudicial error. It therefore becomes our duty to reverse the judgment of the Court of Appeals and affirm that of the court of common pleas.
 

 Judgment of the Court of- Appeals reversed, cmd that of the common pleas affirmed..
 

 Marshall, C. J., Jones, Allen, and Conn, JJ., concur.