No. 946

PARTLOW v. STATE

Ohio Appeals, 3rd Dist., Crawford Co.

No. 1081. Decided Oct. 21, 1925

333. CRIMINAL LAW—Trial Judge in the exercise of a sound discretion, may refuse to instruct jury not to convict upon the uncorroborated testimony of an accomplice.

HUGHES, J.

George Partlow was convicted in the Crawford Common Pleas of highway robbery, under the statute permitting conviction of an accomplice as a principal. The young man who perpetrated the crime, confessed the guilt and gave· in testimony a detailed statement of how Partlow had prepared his mind in days preceding the robbery, and induced him on this particular night to go out and perpetrate a robbery to get, as he termed it, some easy money.

He charged in his evidence that Partlow, who was his uncle and with whom he was living at the time, drove him in his automobile with his wife and child in the back seat thereof, from his home to Bucyrus about the noon hour and left there, going by a church where the robbed man had been attending an entertainment, driving up the road, stopping and letting the robber out, and after the perpetration of the crime, coming back and picking him up and carrying him away. Also, after the robbery was over, he testified that the purse with the half dollar that was stolen, was turned over in the presence of Partlow, to his wife.

The defendant, at the close of the state's case, did not go on the witness stand in his own defense. The jury returned a verdict of guilty. Error was prosecuted and the Court of ·Appeals held:

1. Counsel for Partlow, was by the court, unduly and erroneously restricted in the cross examination of the principal witness for the state, the accomplice.

2. Under the principle laid down in Allen v. State, 10 OS. 288, the defense was entitled to cross examine the accomplice fully, to disclose if possible, that the witness expected to be the gainer by the conviction of the defendant. Restricting the defense in this cross examination was prejudicial error.

3. Another ground of error complained of is that the court refused the request of the defense to charge the jury the law pertaining to, and to caution them regarding, the conviction of the defendant upon the uncorroborated evidence of an accomplice.

4. Where there is some corroborative evidence of the testimony of an accomplice, the

## STATE COURT OF APPEALS—Continued

law in our state is now well settled by the syllabus in the case of State v. Reichert, 111 OS. 698, that the trial judge in the exercise of a sound discretion, may refuse to instruct the jury not to convict upon the uncorroborated testimony of an accomplice.

5. In the case at bar, the accusing witness had gone on the witness stand and by his evidence charged the defendant with aiding, assisting and inducing him to perpetrate the robbery charged in the indictment. The defendant saw fit to remain silent and he did not take the stand in his own behalf.

6. Without commenting upon any of the other evidence in the case, we are satisfied to say, following the pronouncement in State v. Lehr, 97 OS. 280 at 282, that this fact became a circumstance in evidence which, under Article 2, Section 10 of the constitution as it now, is permitted the jury to take into consideration as an item of evidence in corroboration of the accusations made by the accomplice.

7. But if we are not correct in this conclusion, we are convinced that the law of our state as announced in the opinion in the Reichert case above referred to, leaves the question of giving this charge to the jury, within the sound discretion of the court, whether or not there is corroborative evidence.

8. Therefore we find no prejudicial error in the refusal of the court under the circumstances, to give the request to charge.

Attorneys—Edward J. Myers for Partlow; Clarence U. Ahl for State; both of Bucyrus.