## DOSS v. STATE.

Ohio Appeals, 4th Dist., Vinton Co.

Decided Oct. 29, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

### CRIMINAL LAW.

(190 V3) Failure of jury to find accused guilty of all that jury might have found him to be guilty of, does not warrant reviewing court in setting aside verdict establishing partial guilt.

(190 A4) There being some corroboration of testimony of accomplice, court may refuse to instruct jury that they should fail to convict upon uncorroborated testimony of accomplice. There being two accomplices corroborating each other and other significant testimony relating to conduct of defendant that strongly evidenced his guilt, state cannot be said to have relied upon uncorroborated testimony of accomplice.

(190 F3) Evidence that stolen property was of much greater value than $35, warrants sentence to penitentiary notwithstanding failure to prove specific value.

F. N. R. Redfern, Adelphi, for Doss.

W. J. Jones, Pros. Atty., McArthur, for State.

HISTORY:—Doss was tried in Common Pleas under indictment charging burglary and larceny, and was found guilty of larceny but not burglary. Doss prosecutes error. Judgment affirmed. No action in Supreme Court prior to publication date.

### STATEMENT OF FACTS.

Don Doss was tried in the Court of Common Pleas of Vinton County under an indictment charging him with burglary and larceny. He was found not guilty of breaking and entering but guilty of larceny, the value of the personal property taken being fixed at ninety dollars. He was sentenced to a term in the Ohio Penitentiary and now seeks to reverse the judgment of conviction.

MAUCK, J.

The state largely relied for a verdict upon the testimony of Ross Waldron and Myrtle Waldron, husband and wife. They both testified to their own guilt and both testified that Doss was a participant in the crime. If their testimony is true there was not only a larceny but a burglary and Doss was guilty of both larceny and burglary.

It is now contended that inasmuch as the testimony tended to show that there could have been no larceny unless there had been a breaking as well that the verdict of larceny ought to be set aside because the jury found that there had been no burglary. There is a hint of logic in this position, but verdicts are not always logical and the failure of a jury to find an accused guilty of all that the jury might have found him to be guilty of does not warrant a reviewing court in setting aside the

verdict establishing his partial guilt. The fact that the state has been deprived of part of that which is due it by a jury does not justify a court in taking from it the rest of what was due it.

It is also argued that the charge of the court did not fully cover the rule relating to the testimony of accomplices. What the court said was this:

"It is a rule in Ohio, that there is no rule of law preventing a jury from convicting upon the uncorroborated testimony of an accomplice or accomplices, if such evidence convinces you beyond a reasonable doubt; but you should look to the evidence of an accomplice with care and with such evidence consider all the other evidence of a corroborating nature, if any, and arrive at such conclusion as the entire evidence warrants."

Counsel for the plaintiff in error claims that this instruction was not as favorable to the accused as was required by the doctrine laid down in Allen v. State, 10 OS. 288. The law upon this subject was reviewed in State v. Reichert, 111 OS. 698. The holding in the Reichert case was that where the record discloses that there was some corroboration of the testimony of the accomplice the trial judge might refuse to instruct the jury that they should fail to convict upon the uncorroborated testimony of the accomplice. In the instant case there were two accomplices corroborating each other but there was other significant testimony relating to the conduct of the defendant that strongly evidenced the defendant's guilt and furnished such corroboration of the testimony of the Waldrons that the state can not be said to have relied upon the uncorroborated testimony of accomplices. The instruction complained of was fully in line with the opinion in the Reichert case, the last and we believe the best exposition by the Supreme Court of the question at issue.

It is also claimed that the evidence in the case did not show the value of the goods stolen. In a sense that is true. The jury had no exact idea of the value of the particular items of property proved to have been taken. The evidence did, however, show that the stolen property was of much greater value than thirty-five dollars and even of greater value than ninety dollars and that the plaintiff in error was not prejudiced by the failure to prove specific value.

There was much to discredit the testimony of the two Waldrons. The fact, however, that Doss made way with an automobile upon which there were tires that might have been proven to have been part of the booty resulting from this burglary and larceny is strongly suggestive of the guilt of Doss and warranted the jury, in connection with the testimony of the accomplices, in returning a verdict of guilty.

(Midleton, PJ., and Thomas, J., concur.)