GORDON *v.* STATE.

(In Banc.   June 3, 1940.)

[196 So. 507.   No. 34067.]

**Ben Guider** and **James Biedenharn,** both of Vicksburg, for appellants.

**W. D. Conn, Jr.,** Assistant Attorney-General, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

This is an appeal from a death penalty for murder. While the appellant and Charlie Clemons were engaged in robbing Pat and Eliza Bingham, at their residence, about eleven o'clock at night, Pat called to Richard Priestly, who lived a short distance away, and who then came to the Bingham residence. When he arrived at the steps from the ground to the gallery of the res-

idence, Clemons was on the gallery and the appellant on the inside of the house. The appellant, according to the undenied State's evidence, told Clemons to "kill the son-of-a-bitch" and both of them began to shoot. One bullet only struck Priestly. The appellant fired three shots through a door leading from the room he was in onto the gallery, and one in another direction which struck the floor of the room. An unchallenged confession of the appellant admits practically all the State proved, except that he told Clemons to kill Priestly, and states that the appellant did not shoot at Priestly, but shot only "to scare the man outside away". The appellant offered no evidence except that of an engineer who produced a diagram drawn by him to a scale of the Bingham residence from which it appears that no bullet from within the room of the residence from where the appellant was said by the Binghams to be standing when he was shooting could have struck a man standing at the foot of or on the gallery steps. The accuracy of this diagram was not challenged.

The appellant complains of the refusal of the court below (1) of his request for a view by the court and jury of the scene of the homicide, and (2) for an instruction charging the jury "that the testimony of an accomplice in a crime should be received and considered by the jury with great caution, suspicion and jealousy."

The granting of a request, under Section 2066, Code of 1930, for a view by the Court and jury of the place at which the crime, for which a defendant is being tried, was committed, rests in the discretion of the trial judge. The appellant's contention is that this discretion was here abused in that a view of the premises would have demonstrated to the jury that Priestly was not struck by a bullet from the appellant's pistol, which fact might

have induced the jury not to impose the death penalty on him, but to fix his punishment at imprisonment for life. It is difficult to perceive from the evidence how a view of the premises could have given the jury any more definite information in this connection than did the engineer's diagram introduced in evidence, and when such is the case a view by the jury of the premises is unnecessary and should not be granted. National Box Co. v. Bradley, 171 Miss. 15, 26, 154 So. 724, 157 So. 91, 95 A. L. R. 1500.

Leaving out of view the particular language in which this refused instruction is couched, the granting of such an instruction "rests in the discretion of the presiding judge, and his refusal so to do is not assignable as error." Cheatham v. State, 67 Miss. 335, 7 So. 204, 206, 19 Am. St. Rep. 310; Wilson v. State, 71 Miss. 880, 16 So. 304; Brown v. State, 72 Miss. 990, 18 So. 431; Watkins v. State, 134 Miss. 211, 98 So. 537; Commonwealth v. Phelps, 192 Mass. 591, 78 N. E. 741; Carroll v. State (Tex. Cr. App.), 62 S. W. 1061; State v. Hier, 78 Vt. 488, 63 A. 877.

Affirmed; sentence to be executed on Thursday, the 11th day of July, 1940.

SPECIALLY CONCURRING OPINION.

**Ethridge, J.**, delivered a specially concurring opinion.

I concur in the result of the affirmance of this case, but not in the view that the refusal under all circumstances of the instruction, charging the jury "that the testimony of an accomplice in a crime should be received and considered by the jury with great caution, suspicion, and jealousy," is not assignable as error under any circumstances. I do not think the facts in this case re-

quire the giving of such an instruction, although no harm would come from giving it.

In the case of Green v. State, 55 Miss. 454, it was held that "In a case of homicide, where the evidence may warrant the belief that an important witness for the state was an accomplice in the crime charged, it is error in the court to refuse to instruct the jury, on behalf of the defendant, that 'the testimony of an accomplice in crime should be received with great caution, and the jury may disbelieve such testimony altogether.' It is the right of the accused, in such a case, to have the jury informed of the distrust with which the law regards the testimony of an accomplice, and it is no reason for refusing an instruction upon this point that the jury have already been instructed that they are the sole judges of the evidence, and may wholly disregard the testimony of such witnesses, in general, as they do not believe." This case was cited in Wilson v. State, 71 Miss. 880, 885, 16 So. 304, and Owens v. State, 80 Miss. 499, 512, 32 So. 152.

In the opinion of Wilson v. State, supra, the Court, speaking through Judge Campbell, said: "The appellant complains because the court refused to instruct the jury 'that the evidence of an accomplice should be weighed with great caution, jealousy, and distrust, and the jury may disbelieve such testimony altogether.' The court said to the jury that such testimony 'should be weighed with great care and caution,' and was to be rejected, if believed untrue. This was enough. The court was not bound to pile up words suggestive of a desire for the jury to dismiss, as unworthy of consideration, the testimony of an accomplice. Having cautioned the jury as to the suspicious source of such testimony, it was proper to leave the jury to deal with it according to its

effect on the minds of the jurors, who are not likely to accept too readily such testimony. The rule is for the presiding judge to inform the jury that the testimony of an accomplice is to be received and considered with caution, as from a polluted and suspicious source; but it must, in large measure, be left to the judge to choose the language in which this caution shall be given. There is no uniform rule. Cases vary with circumstances. In some cases, stronger words of caution might be more appropriate than in others. In Green v. State, 55 Miss. 454, the judgment sentencing to death was reversed because of the refusal of the trial court to give an instruction asked by the accused to the effect that 'the testimony of an accomplice in crime should be received with utmost caution, and the jury may wholly disbelieve such testimony altogether.' That case, in the opinion of the court, called for the instruction asked—the only one on that subject. But it was not the intention of the court to announce the rule that an accused person is entitled to have the jury instructed in the precise language of that instruction. If the jury is duly cautioned as to the testimony of an accomplice, the law is satisfied."

The Court in that case cited, or referred to, the case of Cheatham v. State, 67 Miss. 335, 7 So. 204, 19 Am. St. Rep. 310, relied on in the majority opinion. But the opinion in the Cheatham case, while announcing that the court would not consider the refusal of such an instruction and that the matter rested purely in the discretion of the trial court and was not subject to be assigned for error, did not cite or overrule in that opinion the case of Green v. State, supra. The case of Wilson v. State, supra, above quoted, shows that the principle should be given, in appropriate cases, in some form of language which informs the jury of the fact that the

law regards the testimony of accomplices with suspicion, and that caution should be exercised by the jury in considering such testimony.

In White v. State, 52 Miss. 216, it was held: "The testimony of an accomplice should be weighed with great caution, jealousy, and distrust, but it is impossible to say, as a question of law, that he shall not be believed. The jury are to judge how far his testimony has been corroborated, or they may believe him, if they choose, without corroboration." This announcement of the law was cited in Vicksburg & M. R. Co. v. Hedrick, 62 Miss. 28, 29, and Davis v. State, 89 Miss. 119, 42 So. 541.

In the case of Fitzcox v. State, 52 Miss. 923, the Court held: "An accomplice in crime is a competent witness, and if the jury believe his testimony, they may, upon it, render a verdict of guilty. It is the peculiar province of the jury to determine upon the degree of credit to be attached to any competent evidence submitted to their consideration. A conviction upon the unsupported testimony of an accomplice is strictly legal, but great caution in weighing such testimony is dictated by prudence and good reason."

In Owens v. State, 80 Miss. 499, at page 512, 32 So. 152, at page 154, the Court, commenting in that case upon the testimony of an accomplice, said: "The whole purpose of the testimony was to connect Owens with the killing, and this connection is shown alone by the testimony of this witness Lester, and this witness is a self-confessed perjurer. There is scarcely a material fact in his testimony about which he does not confess that he deliberately perjured himself at different times. Nay, more than this, he actually confesses to deliberate perjury during the same examination in this case, contradicting under oath on the cross-examination the most solemn statements

of fact fresh from his lips on the examination in chief. Could there be conceived a case in which it was more vital to a fair and impartial trial that these two instructions should have been given? They go to the very soul of the defense, to wit, that the state witness was wholly unworthy of credit. It was not sufficient, therefore, to have stated incidentally that the jury were the sole judges of the credibility of the witnesses, in the charge, not pointing specifically on that proposition, but on the totally distinct proposition that the jury might convict on the unsupported testimony of an accomplice. The principle of Green v. State, 55 Miss. 454, controls here, wherein it was held error to refuse an instruction for defendant that the testimony of an accomplice should be received with great caution, and that the jury might disbelieve such testimony altogether, although the jury had already been charged that they were the sole judges of the evidence, and might disregard the testimony of such witnesses as they did not believe.''

In the case of Watkins v. State, 134 Miss. 211, 98 So. 537, 538, relied on in the majority opinion, the Court said: '' 'The testimony' of the prosecutrix in a charge of rape 'should be scrutinized with judgment and care, especially where there are circumstances of suspicion that the complaint is unfounded; nevertheless no unreasonable suspicion should be indulged against the complaining witness,' and while it has become the very general practice for the presiding judge to give some cautionary instruction in such cases, we do not understand that the refusal of such instructions is reversible error. While it is usual in such cases for the presiding judge to give some instruction of caution, and, where there are circumstances in evidence which create suspicion that the complaint is unfounded, it is proper to do so, yet the practice of

giving such instructions to the jury rests in the discretion of the presiding judge, and his refusal so to do is not reversible error.'' The Court in support of this statement cites the case of Cheatham v. State, supra. It is not conceivable that the defendant has a right to have the principle applied in his favor by the law to be given to the jury in the *capricious* discretion of the trial judge. All discretion that any judge has is legal discretion—not personal or arbitrary discretion, but that regulation by law. It would, of course, depend upon the facts of the particular case whether the court should give such cautionary instructions; but where the facts are such as to make the principle applicable, the defendant has the right to have the jury informed by the court that such evidence should be scrutinized with care and caution and acted upon guardedly.

It is well known that many witnesses, and confederates in crime, seek to curry favor, or to escape punishment or to mitigate punishment on their part by testifying against their co-defendants. Many states hold that the testimony of an accomplice alone will not support a conviction; but our State holds that it may, and to guard against the danger of fabrications and self-seeking the law itself looks upon such testimony with suspicion and applies caution; and as jurors are not presumed to be familiar with the details of law and evidence they should be told in a particular case how the law looks upon such testimony. What is said in the Cheatham case is contrary to previous cases not referred to in that opinion, and evidently were overlooked in that case. In the Wilson case, supra, the court re-approved the idea that the jury should be instructed in certain cases to receive the testimony of an accomplice with caution, but left the selection of the language in which caution should be given

to the trial judge with the understanding that it would not be disapproved by the Supreme Court where the idea was carried to the jury.

I do not believe that any part of the law affecting the right of a citizen can be left to the arbitrary or uncontrolled discretion of the trial judge. I make these observations for the purpose of keeping the principle alive, and deem these principles vital in some cases where the evidence may be such as to cause distrust of its truth.