PARNELL *v.* STATE.

Division A.   Mar. 5, 1951.

No. 37849 (50 So. (2d) 925)

Howard B. McCrory, Jr., for appellant.

**Joe T. Patterson**, Assistant Attorney General, for appellee.

**Holmes, C.**

Appellant was tried in the Circuit Court of Scott County on an indictment charging her with the murder of her husband. The jury returned a verdict of guilty as charged, but disagreed as to her punishment, and she was accordingly sentenced to imprisonment in the state penitentiary for life. She prosecutes this appeal, assigning as error (1) that the evidence is insufficient to support the conviction, (2) that the court erred in refusing her request to permit the jury to view the scene of the homicide, and (3) that the court erred in refusing two instructions requested by the appellant. We have carefully reviewed the evidence and find that it was conflicting and therefore presented an issue of fact for the jury, and in our opinion there was ample evidence to support the verdict of the jury.

We have given due consideration to appellant's contention that since she was ▮▮ the only eyewitness to the difficulty her exculpatory testimony must be accepted

under the authority of the case of Weathersby v. State, 165 Miss. 207, 147 So. 481, and like decisions of this Court. These cases have no application where the testimony of the only eyewitness is substantially contradicted in material particulars by credible witnesses, physical facts, or facts of common knowledge. ▮▮ Appellant's version of the difficulty was that it occurred in the kitchen of their home, and that the deceased, who was a very large and powerful man physically, struck her on the side of her head with a stick of stove wood, and that she cut him to protect herself from his further attacks. Appellant was materially contradicted by the dying declaration of the deceased, made under a sense of impending death, to the effect that she cut him for nothing, and was further contradicted by the physical facts, namely, the absence of any visible effects of a serious blow on the head, as shown by the State's evidence, and the absence of any blood in the kitchen, as shown by the State's evidence. We think the jury was warranted in considering these contradictions on the issue of the truth or falsity of the appellant's version of the difficulty.

Appellant also contends that the trial court erred in refusing her request to permit the jury to view the scene of the homicide. We are unable to concur in this contention. This request came more than a month after the occurrence of the difficulty, and there was nothing to show that the conditions at the scene of the homicide remained the same. In addition, this was a matter in the discretion of the trial court, and we find no abuse of such discretion in the trial court's action. Sec. 1800, Code of 1942; Gordon v. State, 188 Miss. 708, 196 So. 507.

▮▮ Appellant further complains that the court erred in refusing its request for an instruction based upon circumstantial evidence. This was not a case founded upon circumstantial evidence, and therefore the action of the trial court in refusing the requested instruction was proper.

It is further urged by appellant that the court erred in refusing appellant's request to grant the following instruction: "The Court instructs the jury for the defendant that in considering the testimony of Jimmey Taylor and F. A. Cooper, you should weigh that testimony carefully, taking under consideration their bias, prejudice and interest in the case, if any." This instruction was clearly erroneous, (1) as being on the weight of the evidence, and (2) in assuming evidence of bias, prejudice and interest on the part of the said witnesses, when no such evidence was before the jury.

A similar instruction has been condemned by this Court in the recent case of State v. Jennings, Miss., 50 So. (2d) 352.

We are accordingly of the opinion that the case was properly submitted to the jury under proper instructions, and that there was ample evidence to support the conviction, and that no error of law is disclosed by the record. The judgment of conviction is therefore affirmed.

Affirmed.

PER CURIAM.

The above opinion is adopted as the opinion of the Court, and for the reasons therein indicated the case is affirmed.