## BIXLER v STATE

Ohio Appeals, 7th Dist, Mahoning Co

Decided Nov 16, 1934

Barnum, Hammond, Stephens & Hoyt, Youngstown, for plaintiff in error.

J. H. Leighninger, Prosecuting Attorney, Youngstown, for defendant in error.

## OPINION

By LYNCH, J.

The law is settled in our state to the effect that a defendant may be convicted in a criminal case upon the uncorroborated testimony of an accomplice. We are not concerned with what the rule may be in other jurisdictions. This rule, of course, does not mean in all cases that when an accomplice testifies on the trial to acts and a course of conduct which would ordinarily authorize a conviction in a criminal case a resulting conviction is a legal one. What we mean to say is that if a conviction in a criminal case is based alone upon the testimony of an accomplice, the same must be of such probative force and value as to prove the guilt of the defendant beyond the existence of a reasonable doubt. While it is not error in Ohio for a trial judge to fail to instruct a jury in a criminal case that the testimony of an accomplice should be carefully scrutinized and cautiously received, yet that is exactly what we are required to do in the instant case in order to determine whether the judgment of the trial court is manifestly against the weight of the evidence, and, therefore, contrary to law. There is in law a substantial difference between a civil case and a criminal one when determining whether the judgment is manifestly against the weight of the evidence.

In reviewing a criminal case we must keep in mind that before a defendant can be properly convicted the proof must be of such probative value and weight as to prove his guilt beyond a reasonable doubt. It requires substantially more proof to establish guilt beyond a reasonable doubt than simply to establish or prove an issue by a preponderance of the evidence in a civil action. So that a judgment in a civil case when reviewed in this court might properly be affirmed when that could be done if it were a criminal one. It is one of the cardinal principles of our criminal jurisprudence that it is the duty of a jury in a criminal case, and, of course, of the trial judge in the instant case, to reconcile all of the proven facts and circumstances on a theory consistent with the innocence of the defendant, if it can be reasonably done. If the witness Seminara, although an accomplice, were not impeached and contradicted by his own statements in several material respects, it would be the duty of this court

to affirm the judgment of the trial court. If that were the case, our duty would be plain. Keeping in mind that in a criminal case the proof must convince the mind to a moral certainty of the guilt of the accused, we are not permitted to determine the important question submitted to us influenced by a feeling, if one existed, that defendant Bixler may be guilty, but must do so solely from the record as we find it. The fact that he was associated with defendant Joyce in the operation of Cruiser No. 1, had an opportunity to observe at least some of the things the latter was doing, might create a strong suspicion of his guilt, but would not alone be sufficient. True it is, defendant Bixler stated when he claims he was not under oath, that he had never been at the home of defendant Melich. He admitted then testifying in his own behalf at the trial that that statement was not true. He had been at the home of defendant Melich on at least three occasions. One of these was when accompanied by defendant Joyce, and when the purpose was to have defendant Melich make some repairs to his automobile. Another occasion was when he went to the home of defendant Melich at an early hour in the morning and Melich accompanied him on a fishing trip to Pine Lake. It was incumbent upon the State to prove the guilt of defendant Bixler beyond a reasonable doubt. Defendant Bixler's statement out of court that he had never been at the home of defendant Melich should have been considered by the court, as bearing upon the weight to be given to his testimony. It is to be observed, however, that defendant Bixler at all times protested his innocence, and in determining the weight to be given to the fact he made said untrue statement to the effect he had not been at the home of defendant Melich, his sudden arrest and mental condition by reason thereof should be taken into consideration.

The State upon the trial offered evidence relative to four other robberies admittedly committed by defendant Seminara. That is to say, the W. B. Lewis burglary and robbery, the Standard Oil robbery, and the robbery of the Isaly Dairy. We think it unnecessary to discuss the testimony with respect to these two robberies relative to the instant case, in view of what we have already said.

Adverting to what we have said relative to the testimony in the record showing that at the time of his arrest defendant sustained a good reputation for honesty and as to being a law-abiding citizen, we are constrained to find, and we do find, that his conviction, which was based upon the uncorroborated testimony of Seminara, an accomplice, and the circumstances of his employment with defendant Joyce in said Cruiser No. 1, is manifestly against the weight of the evidence, and, therefore, contrary to law. All reasonable doubt in a criminal case must be resolved in favor of the defendant, and one who sustains a good reputation among his fellows cannot legally be deprived of his liberty upon the testimony of an accomplice alone unless his evidence can be reasonably given the probative value and weight to convince the minds of reasonable men of the guilt of the accused beyond a reasonable doubt.

It is important to society that the guilty be convicted and punished. This is necessary to protect the property, life and limb of our citizenry, and to maintain a proper respect for our laws. The liberty of our citizens is our most precious heritage. It would be far better for many guilty persons to escape than for one innocent person to be deprived of his liberty. If we err in the administration of our criminal law, it is infinitely better that we do so in favor of those accused of crime than against them.

It is our duty to see that the evidence is weighed in criminal cases as well as in all others in accordance with the settled principles of our law as we understand them. If the citizens are held to have been proven guilty beyond a reasonable doubt, that is to say, to a moral certainty, on the uncorroborated testimony of an accomplice contradicted to the extent that Seminara is in this case, and where the accused is a man of good reputation as in the instant case, we believe we would be announcing principles entailing far greater dangers than the commission of robberies at uncertain intervals.

After a careful study and analysis of the testimony in this case we are unable to find sufficient evidence in the record to prove the guilt of the defendant beyond a reasonable doubt. In other words, we find that the judgment in this case is manifestly against the weight of the evidence. Having reached this conclusion, it is unnecessary to refer to the other grounds set forth in the petition in error.

The judgment of the Court of Common Pleas is reversed, and this case is remanded to that court for such further proceedings as are authorized by law. Exceptions noted.

Judgment reversed.

ROBERTS and SMITH, JJ, concur in the judgment.