THE STATE OF OHIO, APPELLEE, *v.* NEAL, APPELLANT.

(No. 23020—Decided February 10, 1954.)

*Mr. Frank T. Cullitan,* prosecuting attorney, for appellee.

*Mr. W. J. Kraus,* for appellant.

Skeel, J. This appeal comes to this court on questions of law from a judgment entered on a verdict of guilty of bribery to the first count of an indictment returned by the Grand Jury of Cuyahoga County. This defendant, with one Herbert D. Burmeister, was indicted for bribery on two counts. The first count of the indictment charged that the defendants solicited and received turkeys and money in the total sum of over $4,000 from one George B. Walker, corruptly, to influence them with respect to their official duties as police officers of the city of Cleveland in the enforcement of the laws and ordinances of the state of Ohio and the city of Cleveland dealing with the illegal possession and sale of narcotics.

After a careful consideration of the record this court heretofore affirmed the judgment of the trial court. This opinion has been written on defendant's request for a rehearing which request was orally presented.

The record shows that Walker was engaged in the unlawful sale of narcotic drugs. Upon trial, the defendant, appellant herein, was found guilty under the first count of the indictment and not guilty under the second count, which last count charged bribery in soliciting and receiving money under similar circumstances from another narcotic peddler. Burmeister was found not guilty as to both counts.

The defendant sets forth 11 claims of error as the basis of this appeal.

The first claim is that the judgment is against the manifest weight of the evidence. The principal witness against the defendant was George B. Walker. The evidence shows that he is the one claimed to have paid the defendant money for police protection in carrying on his unlawful enterprise. The evidence shows that Walker was convicted three times on charges involving the illegal possession and sale of narcotics; that he is now under sentence to the Ohio Penitentiary, and is serving a five-year sentence in a federal penitentiary (Leavenworth) for unlawful trafficking in narcotics; and that his wife, daughter and son-in-law are now in Ohio penal institutions on like charges. There is also considerable testimony in the record of the good character of the defendant as a citizen and police officer. All this evidence was presented to the jury. Walker testified that he paid money to the defendant on many occasions to protect him in his unlawful endeavors. The defendant testified that these charges were absolutely false and untrue and related circumstances that tended to totally discredit the testimony of Walker. The jury heard all the evidence and observed the witnesses as they gave their testimony in open court. It is the law of this state that a defendant may be found guilty on the uncorroborated evidence of an accomplice. *State* v. *Lehr*, 97 Ohio St., 280, 119 N. E., 730.

Also, in the case of *Allen* v. *State*, 10 Ohio St., 287, the Supreme Court, in the fifth paragraph of the syllabus, said:

"While it is the duty of the court, in their discretion, to advise the jury not to convict of felony upon the testimony of an accomplice alone, without corroboration, there is no rule of law preventing a jury from convicting upon the uncorroborated testimony of an accomplice."

The *Lehr case, supra*, which followed the *Allen case* was a prosecution for abortion, where the guilt of the accused was said to have been established by the uncorroborated evidence of the prosecutrix. The Court of Appeals reversed the conviction on that ground alone. The Supreme Court reversed the judgment of the Court of Appeals and affirmed the judgment of guilty entered by the Common Pleas Court, holding that the evidence was sufficient to justify the jury's conclusion of guilty.

From a reading of the record, we cannot say that there was not sufficient evidence to justify the verdict. This ground of error must, therefore, be overruled.

The next claim of error relates to the sufficiency of the indictment. It is claimed that the failure to specifically charge intent on the part of Walker to unlawfully influence and corrupt the defendant in the discharge of his duties as a police officer and like intent on the part of the defendant in receiving money from Walker to corruptly influence him (the defendant) in his official duties makes the indictment insufficient to charge a crime. This question was first presented by a motion to quash and is again presented as a claim of error in this appeal. An examination of the indictment shows that it is drawn in the exact words of the statute defining bribery. No principle of law is more clearly established than that an indictment need be no more specific than the terms in which the crime is defined by the Legislature. We hold that the indictment is sufficient.

The third claim of error is that where two defendants are indicted for the same offense and one is found not guilty and the other guilty on the same evidence, the judgment of guilty as to one defendant is inconsistent. Such a claim need not be considered for the reason that the evidence as to each of the defend-

ants in this case was not the same. Many times during the course of the trial the court was asked to and did instruct the jury that certain evidence then being received was to be considered only as to the defendant Neal and not as to the defendant Burmeister. Only twice, once as to certain turkeys, and once as to money to buy clothing of some kind, was the reverse true. There is a great deal of evidence which would in no way involve Burmeister unless a conspiracy was established. The cases which the defendant cites on this subject are good law but are not in point upon the record in this case. This claim of error must, therefore, be overruled.

Claims five and six have to do with the fact that the first count of the indictment charges many acts of bribery, so that a general verdict of guilty is not sufficient because all the jurors may not have agreed as to defendant's guilt on one or more of the several charges. That is, they may have joined in a verdict but each doing so based on different ones of the several and separate acts complained of in the indictment. This question was decided in the case of *State v. Nebe*, 26 Ohio Law Abs., 581, by this court. The case of *Stockwell v. State*, 27 Ohio St., 563, relied on by defendant is not in point. There, the indictment charged but a single act of selling liquor on December 20, 1871, to one in the habit of getting intoxicated. The evidence showed many such occasions where the defendant could have been charged with like conduct in violation of the statute. The holding of the court was that only one act being charged in the indictment, the prosecutor, upon motion at the end of the state's case, must elect as to which of the many of the unlawful acts developed in the evidence he would rely upon for conviction. No such question is presented here. These claims of error are, therefore, overruled.

The next four claims of error are concerned with the court's charge. We will first examine the charge with regard to the weight to be given the testimony of an accomplice presented in claim of error No. 6. It seems to be the position of the defendant that the court should have instructed the jury that unless there is some corroborating evidence or circumstance supporting the testimony of an accomplice the jury could not return a verdict of guilty. This is not the law.

On this question the court charged the jury as follows:

"In weighing the evidence of an accomplice, the jury may require the corroboration of the testimony of other witnesses or facts and circumstances in the case. Evidence of an accomplice should be very cautiously received and closely scrutinized by you, together with, and in the light of other evidence in the case, but when the evidence of an accomplice is found to be worthy of belief on your part, you may then believe it and give it such weight as you find it to be entitled to in your sound judgment."

The court, as a part of its charge, also charged fully on the presumption of innocence, the burden and degree of proof, and the obligation or duty of the jury to determine the weight and credit to be given to the testimony of all the witnesses, when considered in the light of the surrounding circumstances, whether the witness had been contradicted or had previously committed perjury or made contradictory statements and also after taking into consideration the witness's criminal record, if any. The court was careful to draw the attention of the jury to the need for great care in coming to its conclusions of fact, particularly where considering and weighing the evidence of an accomplice.

The Supreme Court of Ohio has dealt with this subject on a number of occasions. In the case of *Allen* v. *State, supra*, at page 304, the court said:

''The degree of credit which ought to be given to the testimony of an accomplice, is a matter exclusively for the consideration of the jury. In most cases it is highly important that the jury should require his testimony to be corroborated by other evidence or circumstances, rather than to convict upon his unsupported testimony. Indeed, it can very rarely be expected that the testimony of an accomplice, admitting his own depravity and turpitude in the matter, would be sufficient to overcome all reasonable doubts and presumptions in favor of the accused. But it is said there is no rule of law requiring of the jury a refusal to convict upon the uncorroborated testimony of an accomplice. This doctrine is distinctly laid down by Greenleaf, in his Treatise on Evidence, Vol. 1, Sec. 380; but he adds that 'judges, in their discretion, will advise a jury not to convict of felony, upon the testimony of an accomplice alone, and without corroboration. And it is now so generally the practice to give them such advice, that its omission would be regarded as an omission of duty on the part of the judge.' The court gave this usual caution to the jury; and the evidence set forth in the record, does not show that that advice of the court was disregarded.''

In the case of *State* v. *Reichert,* 111 Ohio St., 698, 146 N. E., 386, the court, after referring with approval to the cases of *State* v. *Robinson*, 83 Ohio St., 136, 93 N. E., 623, and *State* v. *Lehr, supra,* said on page 705:

''The rule of the *Allen case*, as appears in the fifth paragraph of its syllabus, is quoted with approval, and is commented upon as sound and salutary law, and the court in the *Lehr case*, on page 282 (119 N. E., 731) of the *per curiam*, adds:

" 'Under this doctrine it is immaterial as to whether there was or was not corroborating evidence.'

"Other citations of lower courts in Ohio might be given, but the rule of the *Allen case* is recognized by text-writers, as well as courts of last resort in other states. In Jones on Evidence, Civil Cases (3 Ed.) Section 769, it is said:

" 'Since the testimony of accomplices is competent, and since the jury are to judge of the credibility of witnesses, it logically follows that a defendant may be convicted upon the unsupported evidence of an accomplice. Although the jury ought not to convict upon such testimony without corroboration their verdict will not be set aside.

" 'Owing to the fact that witnesses of this character are often subjected to strong temptation to shift the burden of guilt upon the defendant it has long been a rule of practice in criminal trials for the court to charge the jury that they should not convict the prisoner upon the uncorroborated testimony of an accomplice. But, although it might ordinarily be regarded as an omission of duty for the judge to neglect to so instruct the jury, yet the decisions are to the effect that his refusal so to do is not reversible error, as the matter lies in the discretion of the judge. The instruction relates to the value or weight of the testimony and does not withdraw the case from the jury. The questions of fact are ïor their determination.' "

See, also, 22 Corpus Juris Secundum, 1388, Section 810.

It should be noted that the Legislature of Ohio has provided that corroborating evidence is necessary in the trial of persons charged with treason (Section 2945.60, Revised Code); perjury (Section 2945.62, Revised Code); and seduction of a pupil (Section 2945. 63, Revised Code). No such provision is to be found

in the Revised Code dealing with the crime of bribery.

In the case of *State* v. *Betsall*, 11 W. Va., 703, the court after an exhaustive study of the English and American cases on the legality of convicting a defendant on the uncorroborated testimony of an accomplice, held in the eighth, ninth and tenth paragraphs of the syllabus:

"8. The testimony of an accomplice is competent.

"9. A conviction may be had upon the uncorroborated testimony of an accomplice; and in such case, if the judge who presided at the trial is satisfied with the verdict, and refuses to set it aside, the appellate court will not reverse the judgment and set aside the verdict, on the ground that it rested solely on the uncorroborated testimony of an accomplice.

"10. While such testimony is suspicious, and emanates from a bad source, yet the jury may believe it, although it is wholly uncorroborated; and in this state it is not proper for the court to give any instructions to the jury as to the weight of such, or any other evidence."

It certainly must be an unusual circumstance that would require a court to charge a jury that it cannot convict one charged with felony on the uncorroborated testimony of an accomplice and then to hold that the jury may disregard the instruction and return a verdict of guilty on such uncorroborated evidence, as is held in the case of *Allen* v. *State, supra*, in the ninth paragraph of the syllabus.

The claim of the defendant that he was found guilty on the uncorroborated evidence of an accomplice, Walker, must be considered under this assignment of error. Such claim is not supported by the record. There is a great deal of evidence which the jury might have concluded gave support to Walker's testimony. There was evidence tending to establish a similar of-

fense, admissible under Section 2945.59, Revised Code. Also, the fact that Walker was able to continue in his unlawful enterprise from August, when he completed his sentence in county jail, until December, when he was arrested by other officers, during all which time the defendant was on the narcotic squad and making visits to Walker's place of business, and the question asked by inspector McArthur as to whether Walker was paying off this defendant, might have been considered. The appearance and conduct of the accused on the witness stand may have also, in the judgment of the jury, given support to the state's case, as might have been true of the fact that every case in which Walker acted as an informer on other narcotic peddlers, upon the arrest of such peddler, such peddler was found guilty.

In considering this question, the court in *State* v. *Lehr, supra*, said on page 282:

"The jury in the instant case were so instructed. They did convict. Under this doctrine it is immaterial as to whether there was or was not corroborating evidence. But the record does disclose corroborating evidence, particularly that of Frank W. Wood, and for aught that we may know there may have been further corroborating evidence in the appearance, manner and conduct of the accused himself upon the witness stand."

We must conclude, therefore, that assignment of error No. 6 must be overruled, to which we should add that the court having treated the subject of the weight to be given the evidence of an accomplice, if the defendant desired any further instructions on this question, he should have made such request. This he did not do.

Assignment of error No. 7 has to do with the court's charge on conspiracy. It is here claimed in part that

the theory of the state is that the defendant was guilty of the acts of accepting bribes through the acts of his codefendant as a coconspirator, and that, therefore, the jury should have been told that this could be so only if a conspiracy is established. The direct answer to this claim is to be found in the fact that the other defendant was found not guilty, so that the jury must have found that no conspiracy was established. If there was a failure to charge as claimed by the defendant, it could not, under the circumstances, be prejudicial to this defendant's rights. We have examined the charge on conspiracy and find it complete on all questions presented by the record. This claim of error must be overruled.

It is claimed next by the defendant that the court was in error in charging that the jury could find the the defendant guilty by himself without charging that such result was possible only as the result of his own unlawful conduct and not as to the acts shown to have been committed by a codefendant where the evidence fails to establish a conspiracy. The court's charge was complete on the subject of conspiracy and, also, on the individual liability of each defendant for his separate acts in which the other did not join. The court told the jury that each defendant was entitled to have his guilt or innocence determined separately if a conspiracy was not shown. This subject was fully covered by the court's charge and we find no error prejudicial to this defendant under this claim.

Assignment of error No. 9 involves many isolated parts of the charge having to do with repeating certain subjects, the failure to charge intent as one of the elements of the crime, and with regard to the consideration to be given to character evidence.

On the subject of intent, the court said in part:

"I say to you, as a matter of law, applicable to this

case, that whatever was solicited or accepted with the intent to influence either one or both of these defendants in the discharge of his official duties as a police officer, involved the question of intent. Intent is an essential element of the crime charged and must be proved by evidence beyond a reasonable doubt. In criminal law, purpose and intent is a state of mind. It involves the operation of the human mind. It is, therefore, shielded from the sight of one's fellow beings and cannot be seen. The existence or absence of intent can, therefore, be determined only by the spoken word or the acts or actions of the person charged with having such intent. In determining the question of intent, you must therefore take into consideration all of the facts and circumstances connected with these various transactions and surrounding them and appearing thereunder at the time of the particular transaction and from every fact and circumstance which appears in the evidence you will decide the question of intent. You will bear in mind that everyone is presumed to intend the natural and probable consequences of his voluntary acts unless a contrary intent is made to appear from the evidence.''

The claim that the subject of intent was not covered must, therefore, be overruled.

The only remaining complaint of the defendant under this assignment of error has to do with the following part of the charge:

''It is also the privilege of the accused to put his character and reputation in evidence or not, as he chooses. Both of these defendants have done so, and have offered evidence tending to show a reputation for honesty and probity, and this each has done in order to raise the presumption of innocence as evidenced by his good character and reputation since it is not probable that a person of known probity and honesty

would commit a crime of this character. I can only add the general rule that as against guilt clearly proven, good character will not avail to acquit. Evidence of this kind is to go to the jury, however, and its weight and effect is to be determined by you in connection with all of the other facts and circumstances which were given to you in the case and to aid and assist you in arriving at the question of the guilt or innocence as to either one or both of these defendants.''

It is the claim of the defendant that this part of the charge took completely from the jury a proper consideration of his character evidence. Such a conclusion cannot be supported. The text of this part of the charge leaves entirely to the consideration of the jury all the evidence including that known as character evidence, instructing it, to come to whatever conclusion is justified under the circumstances and the law with a solemn reminder that as to guilt clearly established, good character will not avail to acquit. This is the same as saying, ''if you have no doubt whatever of the defendant's guilt, after considering all the evidence, character evidence should not set him free from such criminal conduct clearly established.'' The charge here given was not prejudicial to the rights of defendant.

The court did not, by this charge, take from the jury the right to consider the character evidence with all the other evidence in determining the question of defendant's guilt or innocence. In fact, the court told the jury to give full consideration to all the evidence, including character evidence, in coming to its verdict. The defendant has cited the case of *Harrington* v. *State*, 19 Ohio St., 264. In that case, the court, in effect, instructed the jury that character evidence was entitled to less weight where the charge was one

of great and atrocious criminality than upon accusations of a lower grade. Such a charge was of course disapproved. But the court, on page 269, said:

"The true rule was said to be, 'that the testimony [character evidence] is to go to the jury, and be considered by them in connection with all the other facts and circumstances; and if they believe the accused to be guilty, they must so find, notwithstanding his good character.' "

*Stewart* v. *State*, 22 Ohio St., 477, is cited also. In that case, the defendant was charged with subornation of perjury. The law of the case on the question of character evidence and its use in criminal cases is set forth in the fourth paragraph of the syllabus as follows:

"In a criminal case it is error to instruct the jury that evidence of the defendant's good character is not to be considered by the jury, or made available to the the defendant, except in doubtful cases; the true and proper rule being to leave the weight and bearing of such evidence to the jury."

The charge there being considered is set forth on page 480 and in effect says that character evidence may be considered in doubtful cases where the charge is of such a nature as to involve character. It is, therefore, clear that this case is not in point on the charge now before us on the subject of character evidence.

The tenth assignment of error is in substance the same as assignment of error No. 3 which has already been considered.

The last assignment of error has to do with the refusal of the court to grant a new trial on newly discovered evidence. The sole question is whether the court abused its discretion by refusing a new trial upon the strength of such evidence, since the evidence

offered as "newly discovered" was such as would, if believed, tend to impeach the testimony of Walker. The court held that in its judgment, considering all the "newly discovered evidence," if such evidence had been offered at the trial it would have supported the verdict, rather than require a verdict of not guilty. We cannot say that in so holding the court abused its discretion.

No one can help having a feeling of concern where one who as an officer of the law has an unblemished record in the service, a service to which great respect must be given, is found guilty of conduct which strikes at the very heart of law enforcement. But where the facts and surrounding circumstances are fairly presented to a jury in a court of law, presided over by a judge of recognized ability, and where all the safeguards that the Constitution provides for one charged with crime have been made available to defendant, and upon trial the jury returns a verdict of guilty, a reviewing court has no authority to disturb such verdict unless reversible error has intervened during the trial or unless it clearly appears that substantial justice has not been done.

The record in this case shows that a fair legal trial was had, and the motion for rehearing is overruled.

*Motion overruled.*

HURD, P. J., and KOVACHY, J., concur.

(Decided March 17, 1954.)

ON MOTION to certify.

*Per Curiam.* The defendant, by his motion filed February 24, 1954, seeks an order of this court cer-

tifying this cause to the Supreme Court on the ground of conflict, as is provided by Section 6, Article IV of the Constitution of Ohio, as amended September 3, 1912, which in part, reads:

"* * * and whenever the judges of a Court of Appeals find that a judgment upon which they have agreed is in conflict with a judgment pronounced upon the same question by any other Court of Appeals of this state, the judges shall certify the record of the case to the Supreme Court for review and final determination."

. It is the claim of the defendant that the decision of this court is in conflict with a decision of the Circuit Court of the First Circuit, decided in 1896, and styled *Donaldson* v. *State,* 10 C. C., 613, 5 C. D., 98.

This court is without authority to certify for a claimed conflict with the decision of a Circuit Court. Circuit Courts came into being by reason of an amendment of Sections 1 and 6 of Article IV of the Constitution of Ohio, on October 8, 1883. The jurisdiction in error proceedings of the Circuit Courts is provided for by Section 12247 *et seq.,* General Code. Such jurisdiction is not in all respects the same as is now provided for the Court of Appeals. No provision is made for certifying conflicts under the constitutional provisions creating the Circuit Court, and no such authority was provided by statute.

The Court of Appeals was created as the successor to the Circuit Court by amendment of Sections 1 and 6 of Article IV of the Constitution on September 3, 1912. The above quoted portion of Section 6 as it now appears in Article IV of the Constitution refers only to conflicts between decisions of the Courts of Appeals and does not include conflicts between decisions of Courts of Appeals and Circuit Courts as created by the amendment of 1883.

Even if this were not so, we cannot find the decision of the *Donaldson case, supra,* is in conflict with the decision of this court in the case now being considered. The claimed conflict has to do with the charge on character evidence. In the *Donaldson case, supra,* the court said in its charge:

"Evidence of good character is to be taken into account by you like all other evidence introduced into the case. If the evidence leaves it doubtful in your mind as to whether the defendant is guilty, the fact that he is a man of good character should turn the scale in his favor; but if the evidence, outside of the evidence as to character, satisfies you beyond a reasonable doubt that the defendant is guilty, you should not acquit him simply because he is a man of good character."

The court held this charge erroneous on the authority of *Harrington* v. *State,* 19 Ohio St., 264, and *Stewart* v. *State,* 22 Ohio St., 477. It is to be noted that this charge suggests that if the defendant is shown to be guilty by the proper degree of proof without considering the character evidence then good character will not avail to acquit.

The court said on page 616:

"The next paragraph of the charge given in this case, as it seems to us, still seems to go upon the idea that the evidence as to good character is to be considered as separate and apart from the other evidence in the case, for the judge says: 'if the evidence, outside of the evidence as to character, satisfies you beyond a reasonable doubt that the defendant is guilty, you should not acquit him simply because he is a man of good character.' But the evidence outside of that as to character should not be considered alone. The whole testimony should be looked at together, and if on a fair consideration of the whole of it, a reason-

able doubt of the defendant's guilt exists, it should go to his acquittal. But if on the whole evidence there is no such reasonable doubt of his guilt, the jury should so find, notwithstanding the proof as to good character.''

The charge in the case now before us on the subject of character evidence does not take from the jury the right to consider the character evidence in determining the guilt or innocence of the defendant. The jury was told to consider all the evidence, including character evidence, in coming to its verdict, but if after considering all the evidence it concludes that his guilt has been established beyond a reasonable doubt, the fact that there is evidence of good character should not avail to acquit. This part of the charge was as follows:

''It is also the privilege of the accused to put his character and reputation in evidence or not, as he chooses. Both of these defendants have done so, and have offered evidence tending to show a reputation for honesty and probity, and this each has done in order to raise the presumption of innocence as evidenced by his good character and reputation since it is not probable that a person of known probity and honesty would commit a crime of this character. I can only add the general rule that as against guilt clearly proven, good character will not avail to acquit. Evidence of this kind is to go to the jury, however, and its weight and effect is to be determined by you in connection with all of the other facts and circumstances which were given to you in the case and to aid and assist you in arriving at the question of the guilt or innocence as to either one or both of these defendants.''

We find no conflict between these decisions.

The other claim of conflict is with the case of *Bixler* v. *State*, reported in 18 Ohio Law Abs., 117. In that

case, Judge Lynch, speaking for the court, said on page 121:

"After a careful study and analysis of the testimony in this case we are unable to find sufficient evidence in the record to prove the guilt of the defendant beyond a reasonable doubt. In other words, we find that the judgment in this case is manifestly against the weight of the evidence. Having reached this conclusion, it is unnecessary to refer to the other grounds set forth in the petition in error."

It is to be seen, therefore, that this decision is based solely on the weight of the evidence and on no question or principle of law. As a matter of course, therefore, there can be no conflict within the meaning of Section 6, Article IV, *supra*.

For the foregoing reasons, the motion to certify must be overruled.

*Motion overruled.*

HURD, P. J., KOVACHY and SKEEL, JJ., concur.